**STATE of Indiana, Appellant,**

v.

**Jimmy Wayne MORGAN, Appellee.**

No. 1283S438.

Supreme Court of Indiana.

May 4, 1984.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellant.

John C. Wood, Howard County Deputy Public Defender, Kokomo, for appellee.

GIVAN, Chief Justice.

Appellee was convicted of theft, a class D felony, and was found to be an habitual offender. His theft conviction was affirmed by this Court. *See Morgan v. State*, (1982) Ind., 440 N.E.2d 1087. We, however, reversed and remanded on the habitual offender finding. We found parol evidence, standing alone, was not sufficient evidence of the fact of the existence of the prior convictions in the absence of a showing of the unavailability of the proper certified records. We also expressed our view

that it would not be a violation of the double jeopardy clause for the trial court to conduct a second hearing to determine appellee's status as an habitual offender. (Prentice, J., dissenting on this issue.)

On remand the trial court conducted a preliminary hearing on various Motions to Dismiss offered by the appellee. One of these motions was premised on the double jeopardy question. The trial court ruled that the State could not proceed further with the hearing as to appellant's previous criminal record because to do so would, in fact, subject him to double jeopardy. Therefore, the habitual status allegation was dismissed.

 The trial court is in error in this regard. The question of whether or not a person is an habitual offender is not a criminal charge. It is an inquiry concerning the person's record as to prior criminal convictions. When the evidence indicates there have been at least two prior criminal convictions, the person is then adjudicated to be an habitual criminal. This is a status not a separate criminal offense. *Jones v. State*, (1983) Ind., 449 N.E.2d 1060.

 The constitutional prohibition against former jeopardy applies only to criminal prosecutions. It in no way applies to the offense of an habitual offender. The status as an habitual offender is not a thing that is wiped out by a previous adjudication as to that status. It is a status that continues throughout the remainder of that person's life. There is no prohibition for a second enhanced sentence at some future time, based upon the same criminal record that gave rise to an enhanced sentence on a previous occasion.

This case is again remanded to the trial court with instructions to proceed on the hearing as to whether or not the appellant is an habitual offender. That hearing is to be conducted in keeping with the principles set forth in the original opinion, *Morgan, supra,* and with this opinion.

HUNTER and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result with separate opinion.

PRENTICE, J., dissents without opinion.

DeBRULER, Justice, concurring in result.

In the days preceding the decision of the U.S. Supreme Court in *Bullington v. Missouri*, (1981) 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270, I would have agreed with the reasoning in the majority opinion that the Double Jeopardy Clause of the Fifth Amendment was written to protect the citizen against double prosecutions and not double sentencings. That case proclaimed that double jeopardy protection also applied to bar double sentencing phases in which the jury is required by state law to sit as a trier of fact, and procedures are employed which produce "the hallmarks of the trial on guilt or innocence." *Bullington v. Missouri, supra.* The procedures required by the Indiana habitual criminal statute to be employed at a jury hearing to determine past convictions produce those hallmarks. While I agree that this case must go back for a new sentencing hearing, I do so in the belief that there will thereby be no denial of the protection afforded by the Fifth Amendment.