Anthony WILLIAMS, Appellant,

v.

STATE of Indiana, Appellee.

No. 1283 S 455.

Supreme Court of Indiana.

May 19, 1986.

Susan K. Carpenter, Public Defender, Sheila K. Zwickey, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

In October of 1982, appellant pled guilty to the offense of Escape, a Class D felony. He received the presumptive sentence of two (2) years with an enhancement of thirty (30) years as a result of an habitual offender determination. Appellant's amended post-conviction petition was denied, which decision he now appeals.

In April of 1982, appellant was charged by way of information with escaping from the Monroe County Jail. An habitual offender count was added on October 6. Appellant then appeared in court on October 14, the day his jury trial was to commence, and advised the court that he wished to

change his plea from not guilty to guilty. No written plea bargain agreement had been filed. The court accepted the plea, and after determining appellant to be an habitual offender, imposed a thirty-two (32) year sentence.

On December 10, 1982, appellant filed a *pro se* Petition for Post-Conviction Relief. On September 1, 1983, the court denied the requested post-conviction relief.

Appellant first contends his guilty plea was not entered knowingly, intelligently and voluntarily because he was not advised of the minimum sentence for the charge as required by statute.

█ The record reveals that appellant was informed of the alternative sentencing provision set out in Ind.Code § 35–50–2–7(b), as reflected by the following colloquy at the guilty plea hearing:

"Q If the Court accepts your plea of guilty, I will recess this case, order a presentence investigation and determine whether or not judgment should be entered as a felony or a misdemeanor. Do you understand that?

"A Yes, your Honor.

"Q If I determine that it should be entered as a felony, then we would reconvene and the State must convince me beyond a reasonable doubt of the elements of the habitual charge. Do you understand that?

"A Yes, your Honor.

"Q Because of that, by your plea, you face up to 34 years imprisonment. Do you understand that?

"A Yes, sir."

That line of questioning provides a basis from which to conclude that appellant knew the minimum penalty for a Class D felony, i.e., that under the statute the court had the discretion to possibly sentence him as a misdemeanant rather than as a felon. He was further informed that an enhanced sentence was a possibility if the conviction were entered as a felony and the State successfully proved his habitual offender status. Consequently, the trial court did not err in concluding that appellant knowingly, intelligently and voluntarily entered his plea of guilty.

Appellant next argues that by first being placed in administrative segregation for thirty-one days in the Monroe County Jail and then being prosecuted for the instant offense he was subjected to double jeopardy by having been "punished twice for the same offense."

█ The constitutional prohibition against being twice placed in jeopardy for the same offense applies only to criminal prosecutions. *State v. Morgan* (1984) Ind., 462 N.E.2d 1029. An administrative punishment by prison officials does not preclude a subsequent prosecution arising out of the same act. *Lyons v. State* (1985), Ind.App., 475 N.E.2d 719; *see also Colbeth v. Civiletti* (S.D.Ind.1980), 516 F.Supp. 73. The trial court correctly concluded that appellant was not subjected to double jeopardy.

Appellant's final contention is that he was denied effective assistance of counsel due to counsel's alleged failure to: 1) raise the double jeopardy issue; and 2) pursue a continuance after the State filed the habitual offender allegation.

█ This Court indulges a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *Elliott v. State* (1984), Ind., 465 N.E.2d 707. Appellant must show both that his counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment and that such deficient performance deprived him of a fair trial. *Strickland, supra; Bennett v. State* (1984), Ind., 470 N.E.2d 1344.

█ The double jeopardy issue, raised initially by appellant in his *pro se* petition, is, as discussed above, totally unavailing. Counsel was correct in not raising the question. In regard to the second alleged omission, generally the proper remedy for

the late filing of an habitual offender allegation is a continuance, the granting or denial of which is made within the sound discretion of the trial court. *See Harris v. State* (1981), Ind., 427 N.E.2d 658. Appellant's counsel did in fact file a motion for a continuance upon the granting of the State's motion to amend the information. While that motion was denied, it is nevertheless clear that counsel sought the proper remedy. Accordingly, we find that appellant was not denied effective assistance of counsel.

The trial court is in all things affirmed.

PIVARNIK, J., concurs.

SHEPARD, J., concurs in result without separate opinion.

DeBRULER and DICKSON, JJ., dissent without opinions.