**Jack C. WRIGHT, Appellant**
**(Petitioner Below),**

v.

**STATE of Indiana, Appellee**
**(Respondent Below).**

**No. 87A01–8605–PC–120.**

Court of Appeals of Indiana,
First District.

July 31, 1986.

Rehearing Denied Aug. 19, 1986.

Samuel S. Shapiro, Applegate & Shapiro, Bloomington, for appellant.

Linley E. Pearson, Atty. Gen., Atty. No. 0005657–49, Theodore E. Hansen, Deputy Atty. Gen., Atty. No. 0008279–49, Indianapolis, for appellee.

ROBERTSON, Presiding Judge.

Defendant-appellant Wright appeals from the denial of his petition for post-conviction relief.

We affirm.

On June 13, 1984, Wright entered a plea of guilty to operating a vehicle while intoxicated, a class D felony, but was sentenced to a class A misdemeanor pursuant to the trial judge's discretion as provided in IND. CODE 35–50–2–7(b). Wright attacks his guilty plea as not being entered knowingly, intelligently and voluntarily in three respects.

Wright first argues that he was not advised of the minimum sentence for a class D felony as required by IND.CODE 35–35–1–2(a)(3) even though he was informed of the alternative misdemeanant sentencing provision set out in I.C. 35–50–2–7(b) on which he was sentenced. However, a majority of our supreme court has recently stated that a defendant is properly advised of the minimum sentence for a class D felony when informed of the possible misdemeanant sentencing. *See: Williams v. State*, (1986) Ind., 493 N.E.2d 431, 432.

Wright next alleges the trial court's failure to advise him of license suspension ramifications before accepting his guilty plea also did not inform him of all possible minimum and maximum sentences as required by I.C. 35–35–1–2(a)(3). This likewise has no merit since the advisement of an administrative license suspension possibility is not required by I.C. 35–35–1–2, but instead is an ancillary matter addressed in IND.CODE 9–11–3–1 *et. seq.* In short, the suspension of driving privileges is not part of the sentence of which I.C. 35–35–1–2(a)(3) addresses.

Wright lastly contends the trial judge should have advised him of his right to appeal as required by IND.CODE 9–4–7–9(6) which involves accepting guilty pleas to traffic offenses. However, this statute was amended in 1981, as relevant here, to require this advisement only "before accepting a plea of guilty to a *misdemeanor* traffic offense." (our emphasis). *Id. See also: Mottern v. State*, (1984) Ind.App., 466 N.E.2d 488 (advisement mandatory when guilty plea is prior to 1981 amendment). Here, Wright was charged and entered his guilty plea to a class D felony, and only after the trial court's acceptance

did the court exercise its discretion to enter judgment of a class A misdemeanor. We therefore conclude this case is governed solely by the provisions of I.C. 35–35–1–2 which do not require an advisement of the right to appeal.

Judgment affirmed.

RATLIFF and NEAL, JJ., concur.