Donita Ann **HINKLE**, Appellant–
Defendant Below,

v.

**STATE** of Indiana, Appellee–
Plaintiff Below.

No. 02A03–9208–PC–264.

Court of Appeals of Indiana,
Third District.

Dec. 28, 1992.

Rehearing Denied Feb. 18, 1993.

Lee A. Smith, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for appellee-plaintiff.

STATON, Judge.

Donita Hinkle appeals the denial of her petition for post conviction relief, presenting three issues for our review:[1]

I. Whether Hinkle knowingly, voluntarily and intelligently pled guilty to the charge of murder.

II. Whether there was an insufficient factual basis to support the guilty plea.

III. Whether Hinkle was denied the effective assistance of counsel.

We affirm.

On September 30, 1983, Hinkle pled guilty to the charge that she murdered her husband, Robert Hinkle. Pursuant to the terms of a plea agreement, Hinkle received a thirty year sentence. On February 1, 1989, Hinkle filed a *pro se* petition for post conviction relief, amended August 6, 1991. Hearing was held on December 16, 1991 and March 19, 1992. On March 26, 1992, the post conviction court denied Hinkle's petition.

■ Under the rules of post-conviction relief, the petitioner must establish the grounds for relief by a preponderance of the evidence. Ind. Post Conviction Rule 1(5); *St. John v. State* (1988), Ind.App., 529 N.E.2d 371, 374, *trans. denied.* Thus, to succeed on appeal from the denial of his petition, the petitioner must show that the evidence is without conflict and leads only to a conclusion opposite that of the trial court. *Id.*

## I.

### *Guilty Plea*

■ Hinkle contends that her guilty plea was not entered knowingly, intelligently and voluntarily because she was unaware of the possibility of conviction of the offense of voluntary manslaughter. The existence of sudden heat reduces what would otherwise be murder to voluntary manslaughter. IND.CODE 35–42–1–3. Sufficient provocation must exist to elicit an emotion such as anger, rage, sudden resentment or terror which would obscure the reason of an ordinary person, prevent deliberation and premeditation, and render a defendant incapable of cool reflection. *Johnson v. State* (1988), Ind., 518 N.E.2d 1073, 1077.

■ Our standard for reviewing guilty pleas was delineated in *White v. State* (1986), Ind., 497 N.E.2d 893. We review all the evidence before the post-conviction court upon a claim that a plea was not made voluntarily and intelligently. A petitioner's conviction will be vacated if the record fails to disclose that the defendant was advised of the right to a jury trial, right of confrontation and right to avoid self-incrimination. An omission of other advice contemplated by I.C. 35–35–1–2 supports reversal only if a petitioner demonstrates that he or she was prejudiced thereby. *Id.* at 905.

■ When confronted with a proffered guilty plea, the trial court is statutorily required to advise a defendant of the possible maximum and minimum sentences for the offense charged, *not for any lesser included offenses. Gibson v. State* (1983), Ind., 456 N.E.2d 1006, 1008 (emphasis added). Accord: *Farrell v. State* (1986), Ind., 495 N.E.2d 530, 532. Here, the record of the guilty plea hearing (admitted into evidence at the post conviction hearing) reveals that the trial court's advisements to Hinkle satisfied each of the criteria speci-

---

1. Hinkle frames an additional issue as: "Ms. Hinkle was battered by her husband during their marriage and feared him, and such evidence is relevant to the petition for post-conviction relief." Brief of Appellant, p. 2, 21. She presents no issue for appellate review, as she fails to designate an alleged *error* in the post conviction proceedings, accompanied by citation to relevant authority. Ind.Appellate Rule 8.3(A)(7).

fied in I.C. 35–35–1–2.[2] Record, p. 80. Hinkle's post conviction petition presented no grounds for relief on this issue.

## II.

### Factual Basis

Hinkle next claims that the trial court erroneously found a sufficient factual basis to accept her plea of guilty to murder because the facts before the court suggested the presence of sudden heat.

IND.CODE 35–35–1–3(b) provides: "The court shall not enter judgment upon a plea of guilty or guilty but mentally ill at the time of the crime unless it is satisfied from its examination of the defendant or the evidence presented that there is a factual basis for the plea."

■ An adequate factual basis for the acceptance of a guilty plea may be established by the State's presentation of evidence on the elements of the charged offense, *Gibson v. State* (1986), Ind., 490 N.E.2d 297, 298, *reh. denied,* or by the sworn testimony of a defendant regarding the events underlying the charge, *Snowe v. State* (1989), Ind.App., 533 N.E.2d 613, 617. A proper factual basis may also be established where a defendant admits the truth of the allegations contained in an information read in open court or where a defendant indicates that he understands the nature of the crime charged and that his guilty plea constitutes an admission of the charge. *Silvers v. State* (1986), Ind., 499 N.E.2d 249, 253.

■ At the guilty plea hearing, the court advised Hinkle of the elements of the charged crime of murder. Hinkle indicated that she understood the charge against her and admitted the truth of the facts alleged in the charging information. Record, p. 80–11. Pursuant to a stipulation of the parties, Hinkle's videotaped statement was admitted into evidence. The videotaped statement disclosed that Hinkle shot her husband twice after announcing "I was gonna kill you, you m- f-." Record, p. 80–38. Hinkle acknowledged that the videotaped statement accurately represented the events of April 29, 1983. Hinkle responded affirmatively to the court's final inquiry:

Court: All right. Then, Mrs. Hinkle, do you now say that on the 29th day of April of 1983, you did commit the offense of Murder by then and there knowingly or intentionally killing Robert J. Hinkle by shooting at and against him with a certain deadly weapon; namely, a handgun, thereby inflicting a mortal wound in and upon said Robert Hinkle, a human being, causing him to die on April 29th, 1983?

Hinkle: Yes.

Record, p. 80–41.

The trial court's acceptance of Hinkle's guilty plea is amply supported by a factual basis established at the guilty plea hearing.

## III.

### Ineffective Assistance of Counsel

Finally, Hinkle alleges that her attorney was ineffective because he (1) failed to discuss with her the crime of voluntary manslaughter and (2) failed to investigate evidence supporting a theory of self-defense or voluntary manslaughter.

■ In general, to show ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance preju-

---

**2.** I.C. 35–35–1–2(a) provides: "The court shall not accept a plea of guilty or guilty but mentally ill at the time of the crime without first determining that the defendant: (1) Understands the nature of the charge against him; (2) Has been informed that by his plea he waives his rights to: (A) A public and speedy trial by jury; (B) Confront and cross-examine the witnesses against him; (C) Have compulsory process for obtaining witnesses in his favor; and (D) Require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself; (3) Has been informed of the maximum possible sentence and minimum sentence for the crime charged and any possible increased sentence by reason of the fact of a prior conviction or convictions, and any possibility of the imposition of consecutive sentences; and (4) Has been informed that if: (A) There is a plea agreement as defined by IC 35–35–3–1; and (B) The court accepts the plea; the court is bound by the terms of the plea agreement."

diced the defense. *Burse v. State* (1987), Ind., 515 N.E.2d 1383, 1385. However, where a defendant challenges counsel's performance after pleading guilty, the defendant must show a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Id.* at 1385–86.

■ Evidence adduced at the post conviction hearing disclosed that Attorney Swanson subpoenaed seventeen witnesses, conducted discovery and actively negotiated with the prosecutor concerning the possibility of Hinkle's plea of guilty to voluntary manslaughter. However, the prosecutor informed Swanson that the State would agree to a voluntary manslaughter plea "under no circumstances." Record, p. 159. His decision was based upon interviews with potential prosecution witnesses who indicated that Hinkle: obtained a gun, hunted Robert for 24 hours prior to his death, threatened to kill Robert and a witness, and held a gun against a witness' head while demanding information on Robert's whereabouts. Record, p. 156.

Swanson testified that he did not specifically recall discussing voluntary manslaughter with Hinkle and probably did not do so, because of his confidence that the State could prove the charge of murder. He considered acceptance of the plea bargain—providing for the minimum sentence for murder—to be in Hinkle's best interests. Record, pp. 85–86, 90–91.

The post conviction court's determination will be disturbed only when the evidence leads unerringly to a result not reached. *St. John, supra.* Here, there exists substantial evidentiary support for the post conviction court's conclusion that Hinkle failed to show that she would have insisted upon going to trial but for counsel's deficient performance.

The denial of post conviction relief is affirmed.

HOFFMAN, J., concurs.

BARTEAU, J., concurs in result.