**STATE of Indiana, Appellant–Plaintiff,**

v.

**Amanda MULLINS, Appellee–Defendant.**

No. 49A02–9406–CR–350.

Court of Appeals of Indiana,
Third District.

March 15, 1995.

Pamela Carter, Atty. Gen. of Indiana and Joseph F. Pieters, Deputy Atty. Gen., Indianapolis, for appellant.

Pequita Jay Buis, Buis & Associates, Indianapolis, for appellee.

## OPINION

STATON, Judge.

The State of Indiana ("the State") appeals from the trial court's judgment dismissing the charge of battery, a class A misdemeanor,[1] against Amanda Mullins ("Mullins"). In its appeal, the State presents one restated issue for our review: whether the trial court erred in dismissing the charge.

We reverse and remand.

The facts most favorable to the judgment reveal that on June 16, 1993, Mullins was involved in an altercation with a correctional officer while incarcerated in the Indiana Women's Prison. Following this incident, the Department of Correction conducted a disciplinary hearing and found Mullins guilty of committing battery on the correction officer. Mullins was placed on 180 days of disciplinary segregation and was deprived 30 days credit time. The State subsequently charged Mullins with battery based upon this incident. Mullins filed a motion to dismiss the criminal charge which the trial court granted. The State now appeals.

---

1. Ind.Code 35–42–2–1 (1993).

The State contends that the trial court erred when it granted Mullins' motion on the grounds that criminal prosecution of the battery charge would subject her to double jeopardy.

A defendant has a constitutional right not to be put twice in jeopardy for the same offense. Ind. Const., art. 1, § 14 and U.S. Const. amend. V and amend. XIV. The concept of double jeopardy embraces prohibitions against successive prosecution and multiple punishment for the same offense. *Mehidal v. State* (1993), Ind.App., 623 N.E.2d 428, 434.

However, this constitutional prohibition of double jeopardy applies only to criminal prosecutions. *Williams v. State* (1986), Ind., 493 N.E.2d 431, 433. An administrative punishment by prison officials does not preclude a subsequent prosecution arising out of the same act. *Id.* The Department of Correction is authorized to administratively punish actions done within the prison walls by imposing disciplinary sanctions. *Lyons v. State* (1985), Ind.App., 475 N.E.2d 719, 723, *trans. denied.* However, the Department may not lengthen a convict's term in prison. *Id.*

The State therefore contends that the administrative action by the Department of Correction does not preclude criminal prosecution for battery based upon the same incident. Mullins counters that the Department prolonged her incarceration thirty days when it ordered the deprivation of credit time. She contends that this additional time violated her fundamental liberty interest and therefore subjected her to double jeopardy.

By statute, Indiana provides for the allocation of credit time and the deprivation of credit. *See* I.C. 35–50–6–3 through 35–50–6–7. Credit time is based upon the behavior of the prisoner. Receipt of credit is conditional upon continued good behavior and may be revoked. I.C. 35–50–6–4; *Miller v. Walker* (1994), Ind.App., 642 N.E.2d 1000, 1003, *trans. pending.* A person may be deprived of any part of the credit time he has earned for a violation of a rule of the Department of Correction. I.C. 35–50–6–5.

Credit time is a statutory reward for a lack of conduct that is in violation of institutional rules. *Boyd v. Broglin* (1988), Ind., 519 N.E.2d 541, 542, *reh. denied.* It is earned toward release on parole for felons, and does not diminish the fixed term or affect the date on which the offender will be discharged. *Id.*

Mullins mistakenly concludes that the Department of Correction lengthened her sentence when it ordered the deprivation of credit time. Credit time is a bonus created by statute and the deprivation of credit time does nothing more than take that bonus away. The deprivation of credit time cannot lengthen the fixed term of a prisoner's sentence and therefore cannot rise to the level of impinging upon a fundamental liberty interest triggering double jeopardy concerns. *Cf. Gorman v. Moody* (N.D.Ind.1989), 710 F.Supp. 1256, 1266 (work release program statutorily created interest and defendant's disciplinary sanction denying participation in work release program did not affect any protected liberty interest in work release). Accordingly, we reject Mullins' contention that the deprivation of credit time violated her fundamental liberty interest and thus subjected her to double jeopardy.

As such, we determine that the administrative proceeding by the Department of Correction does not preclude Mullins from criminal prosecution on the battery charge. *Williams, supra,* at 433. We therefore conclude that the trial court erred when it granted Mullins' motion to dismiss.

Reversed and remanded.

HOFFMAN and BAKER, JJ., concur.