**Jimmie L. CLAYTON, Jr.,
Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

**No. 79A04–9604–PC–146.**

Court of Appeals of Indiana.

Nov. 27, 1996.

Jimmie L. Clayton, Jr. Carlisle, Appellant Pro Se.

Pamela Carter, Attorney General of Indiana Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Petitioner-Appellant Jimmie L. Clayton appeals the post-conviction court's summary denial of his petition for post-conviction relief.

We reverse and remand.

### ISSUE

Clayton raises two issues for our review, which we consolidate and restate as: whether the post-conviction court erred in its *sua sponte* summary denial of Clayton's petition for post-conviction relief.

### FACTS AND PROCEDURAL HISTORY

On March 28, 1989, Clayton was charged by information with Count 1, operating a motor vehicle while intoxicated; Count 2, operating a motor vehicle while intoxicated with a prior conviction of that crime; and Count 3, leaving the scene of a property damage accident. Subsequently, Clayton en-

tered into a plea agreement whereby he pled guilty to Count 2. He was sentenced to three years imprisonment and a one year suspension of his driver's license. The three year sentence was suspended.

On November 27, 1995, Clayton filed a pro se petition for post-conviction relief. In the petition, Clayton alleged that neither the trial court nor his attorney informed him that the one-year suspension of driving privileges imposed as a result of his guilty plea would begin after a one-year suspension for his refusal to submit to a chemical test. Clayton alleged that the trial court's failure to advise him of both suspensions deprived him of an opportunity to enter into an intelligent and voluntary plea. Clayton also alleged that his trial counsel was ineffective in not advising him of both suspensions and that he would not have entered into the plea agreement if he would have been properly advised. The post-conviction court summarily denied Clayton's petition on the same day it was filed.

On December 21, 1996, Clayton filed a motion to correct error. In the motion, he alleged that the post-conviction court erred in failing to make the specific findings of fact and conclusions of law required by Ind.Post–Conviction Rule 1 § 6. The post-conviction court denied the motion to correct error. In doing so, however, it did state the following:

The Court finds that Defendant's basis for challenging his conviction was that he was not informed that his driving privileges would be suspended by the Indiana Bureau of Motor Vehicles for one (1) year for breath test refusal (in addition to the one (1) year suspension under the plea agreement). The Court acknowledges that Defendant was not advised by the Court that his license would be so suspended at the time of entry of plea of guilty. The Court finds no authority for Defendant's position that such an advisement was required and Defendant fails to cite any precedent for such legal contention.

(R. 32). Clayton now appeals.

## DISCUSSION AND DECISION

■ A post-conviction court is permitted to summarily deny a petition for post-conviction relief if the pleadings conclusively show the petitioner is entitled to no relief. Ind.PostConviction Rule 1, § 4(f). The necessity of an evidentiary hearing is avoided when the pleadings show only issues of law. *Gann v. State,* 550 N.E.2d 803, 804 (Ind.Ct. App.1990). The need for a hearing is not avoided, however, when a determination of the ultimate issues hinges, in whole or in part, upon unresolved factual questions of a material nature. *Armstead v. State,* 596 N.E.2d 291, 292 (Ind.Ct.App.1992). This is true even though the petitioner has only a remote chance of establishing his claim. *Gann,* 550 N.E.2d at 805.

### A. ADVISEMENT BY THE COURT

■ Clayton contends that his petition for post-conviction relief raised questions of material fact pertaining to the lack of an advisement by the trial court regarding the one-year suspension for refusal to submit to a chemical test. In making its ruling on Clayton's motion to correct error, however, the post-conviction court acknowledged that the trial court did not make the advisement. The post-conviction court then found, as a matter of law, that the trial court was not required to give the advisement. There is no material question of fact. Thus, we review the court's determination as a question of law.

When confronted with a proffered guilty plea, a trial court is required to advise the defendant of the maximum and minimum possible sentences for the offense charged. Ind.Code 35–35–1–2(a)(3); *Hinkle v. State,* 605 N.E.2d 200, 202, *reh'g. denied, transfer denied.* The suspension of driving privileges for refusal to submit to a chemical test is an administrative procedure; it is not a criminal sentence. *See Ruge v. Kovach,* 467 N.E.2d 673, 677 (1984). The trial court is not required to advise a defendant of an administrative suspension and the lack of such an advisement does not render a defendant's guilty plea unintelligent or involuntary. *Wright v. State,* 495 N.E.2d 804, 805 (Ind.Ct. App.1986), *reh'g. denied, trans. denied.* Hence, the trial court did not err in summarily denying Clayton's petition on this issue.

## B. ADVISEMENT BY TRIAL COUNSEL

■ Clayton also contends that his petition for post-conviction relief raised questions of material fact pertaining to his trial counsel's failure to advise him of the administrative suspension. Clayton further contends that this failure constitutes ineffective assistance of counsel. In the petition, Clayton alleged that he was originally offered a guilty plea requiring a two-year suspension of his driver's license. He also alleged that he refused this offer, and an offer requiring a one-year suspension was made. He further alleged that he would not have pled guilty if his trial counsel would have informed him that the one-year suspension under the guilty plea would begin after a one-year administrative suspension.

■ The issue of the effectiveness of counsel is an evidentiary question. *Sherwood v. State*, 453 N.E.2d 187, 189 (Ind. 1983), (quoting *Tooley v. State*, 156 Ind.App. 636, 297 N.E.2d 856 (1973)). As such, resolution of the issue revolves around the particular facts of each case. *Id.* (quoting *Tillman v. State*, 432 N.E.2d 407, 408 (Ind.1982)). When, as here, failure of counsel is based on apparent ignorance of the law, counsel's nonfeasance is not deemed a mere strategy decision, and it may constitute ineffective assistance of counsel. *Gann*, 550 N.E.2d at 805. Where ineffectiveness of counsel is alleged, and the facts pled raise an issue of possible merit, the summary disposition is erroneous. *Id.* The postconviction court's summary denial on this issue is erroneous.

We note that P–C.R. 1, § 6 requires the post-conviction court to "make specific findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." The trial court failed to comply with the rule on this issue. This failure is an additional reason for remand.

### CONCLUSION

The post-conviction court's summary denial of Clayton's petition was proper on the issue of whether the lack of a trial court advisement rendered Clayton's guilty plea unintelligent or involuntary. Summary denial was improper on the issue of ineffective assistance of counsel and its effect on the guilty plea.

The dissent argues that summary denial is warranted under *Stoltz v. State*, 657 N.E.2d 188 (Ind.Ct.App.1995). In *Stoltz*, a panel of this court held that the defendant failed to establish ineffective assistance of counsel when he did not show "that had he known of the license suspension consequences, [he] would have 'insisted' upon going to trial. Rather, the record merely indicates that he 'probably' would have gone to trial." 657 N.E.2d at 194. The distinguishing factor in the present case is that the post-conviction court's summary denial precluded Clayton from even attempting to establish prejudice. The summary denial also precludes this court from reaching an informed conclusion. We cannot agree that *Stoltz* supports the post-conviction court's summary denial.

We reverse and remand for an evidentiary hearing and subsequent findings and conclusions on the second issue.

Reversed and remanded.

SHARPNACK, C.J., concurs.

CHEZEM, J., concurs in part and dissents in part with separate opinion.

CHEZEM, Judge, concurring in part and dissenting in part.

I respectfully concur in part and dissent in part. I concur in the majority's conclusion that the trial court did not err in summarily denying Clayton's petition as to the trial court's advisement. The suspension of one's driver's license is not a punishment imposed by the court as a result of a guilty plea, but a collateral consequence of the conviction. *See Stoltz v. State*, 657 N.E.2d 188 (Ind.Ct.App. 1995). As such, the trial judge need not have informed Clayton of the potential license suspension ramifications of a conviction.

I dissent from the majority's conclusion that the court's summary denial of the ineffectiveness issue was erroneous. In general, to show ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Hinkle*

*v. State,* 605 N.E.2d 200, 203 (Ind.Ct.App. 1992), *trans. denied.* Where a defendant challenges counsel's performance after pleading guilty, the defendant must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id.* at 204. In *Stoltz,* we did not decide whether Stoltz's counsel was deficient for failing to inform him about the administrative consequences of his plea. Rather, we based our holding upon the conclusion that Stoltz had "failed to establish that he would not have pleaded guilty but would, instead, have insisted upon going to trial" if he had been informed of the administrative consequences. *Stoltz,* 657 N.E.2d at 193.

The present case forces a decision on the question left unanswered in *Stoltz.* Unlike the majority, I would hold that a criminal defense attorney's failure to advise his client of the civil or administrative consequences of a conviction does not rise to the level of deficient performance for purposes of an ineffective assistance of counsel claim. Thus, assuming Clayton is correct that his trial attorney did not advise him of the civil or administrative consequences, that lack of advisement was not error on his attorney's part. Clayton's attorney represented him in the criminal matter only—not in the administrative matter. If that same attorney represented Clayton in the administrative proceedings and failed to inform Clayton of the administrative consequences, perhaps he would be ineffective in the administrative case. However, the criminal case is separate from the administrative proceeding. To hold an attorney deficient for failure to inform a client of all the possible noncriminal, collateral consequences which could occur as a result of a criminal conviction would place a time-consuming, unnecessary burden upon an attorney who only agreed to represent his client in a criminal matter. I would affirm the lower court's summary denial of this issue as well. Moreover, in view of my resolution of this issue, in this particular case, I believe the court's lack of specific findings of fact and conclusions of law is harmless error.