Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



FILED
Apr 29 2013, 8:28 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**BRYAN LEE CIYOU**
**LORI B. SCHMELTZER**
Ciyou & Dixon, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANTHONY MINNEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1206-CR-481 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Steven J. Rubick, Magistrate
Cause No. 49G01-1012-FC-95691

**April 29, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Defendant Anthony Minney appeals from his conviction and two-year sentence for Class C felony escape under Cause Number 49G01-1012-FC-95691 ("Cause 95691"). On December 1, 2010, Minney failed to return to a work release facility, where he was serving a six-year sentence for an unrelated conviction under Cause Number 49G20-0901-FB-44 ("Cause 44"). Prior to trial, Minney entered into an agreement with Appellee-Plaintiff the State of Indiana, by which Minney would plead guilty to Class D felony failure to return to lawful detention in exchange for a one-year sentence and the State's dismissal of the Class C felony escape charge. The agreement also provided that Minney would be given credit for time served under Cause 44 and that Cause 44 would be deemed closed. The trial court accepted the agreement and sentenced Minney according to its terms, but later vacated the judgment and sentence, finding its modification of the Cause 44 sentence to be illegal.

Minney argues that the trial court lacked jurisdiction to vacate its original judgment and sentence under Cause 95691. We find that Minney failed to lodge a timely objection to the court's jurisdiction and that he has waived this issue for appeal. On the merits, we find that Minney was illegally sentenced under Cause 95691 and that the trial court, thereby, had the authority to vacate its original judgment and sentence. Minney also argues that his prosecution under Cause 95691 violates the prohibition against double jeopardy because he had already been sanctioned by the Department of Correction with a thirty-day credit time deprivation for his alleged escape. Finding that Minney's credit time deprivation does not impinge upon a fundamental liberty interest, we affirm.

**FACTS AND PROCEDURAL HISTORY**

2

In July of 2009, Minney was charged with and convicted of Class B felony possession of a firearm by a serious violent felon under Cause 44. Pursuant to a plea agreement, the trial court, Criminal Division 20, Judge Steven R. Eichholtz presiding ("Court G20"), sentenced Minney to six years executed with the Indiana Department of Correction ("DOC"). By December of 2010, Minney had been transferred to the Duvall Residential Center, a work release facility, to serve the remainder of his sentence. On December 1, 2010, Minney signed out of Duvall at his regularly scheduled time and did not return. He was found on February 9, 2011, and subsequently subjected to a DOC disciplinary hearing. This resulted in Minney being returned to prison, dropped from credit class one to credit class two, and sanctioned with a thirty-day credit time deprivation.

On December 30, 2010, the State charged Minney with one count of Class C felony escape[1] under Cause 95691. On April 5, 2011, Minney and the State entered into a plea agreement by which Minney would plead guilty to one count of Class D felony failure to return to lawful detention in exchange for the State's dismissal of the Class C felony escape charge. The agreement further provided for the following sentence:

> Under Cause … 44 the parties agree that the defendant shall be given credit for time served. The parties agree that this case shall be deemed closed. Under Cause 95691 the parties agree that the defendant shall be sentenced to a term of one (1) year[] in the Indiana Department of Correction.

Appellant's App. p. 36 (emphasis omitted). The trial court, Criminal Division 01, Magistrate Steven J. Rubick presiding ("Court G01"), accepted the plea agreement and sentenced Minney according to its terms.

---

[1] Ind. Code § 35-44-3-5 (2010) (current version at Ind. Code § 35-44.1-3-4).

3

On June 3, 2011, Minney filed a motion to correct erroneous sentence, arguing that Court G01 failed to award him pretrial detention credit for his incarceration during the pendency of Cause 95691. The court denied Minney's motion, finding that the credit time at issue had already been applied to his now-closed sentence under Cause 44. On July 1, 2011, Minney filed a notice of appeal, which, according to the trial court, "led to the discovery of the fact that Judge Eicholtz [sic] never consented to the modification of the sentence that Mr. Minney was serving out of G20." Tr. p. 81. "Because of the failed appeal on the credit time issue, Judge Eicholtz [sic] issued directives that reinforced the fact Mr. Minney had a sentence out of G20 that he was required to serve, and nothing that transpired in this court could change the obligations Mr. Minney had out of G20." Tr. p. 81.

On July 27, 2011, Court G01, *sua sponte*, issued an order, stating: "The Court, having reviewed the record herein and having consulted the elected Judge in [Court G20], and being duly advised in the premises now FINDS that the terms of the parties' April 5, 2011 Plea Agreement constitute an illegal sentence and further proceedings are required to address the issue." Appellant's App. p. 55. A hearing on the matter was held on August 26, 2011, after which Court G01 vacated its judgment and sentence in Cause 95691 and returned the case to its pre-trial status. Specifically, the trial court found:

3.  Defendant entered into a plea agreement on April 5, 2011[,] which purported to modify his original sentence and impose an additional one (1) year executed term in exchange for his plea to a reduced charge.

4.  [Court G20] was never notified of the parties' negotiations and never consented to the transfer of its case. Further, the supervising prosecutor never approved the modification contemplated by the

4

former Deputy Prosecutor handling the case.

5. The terms of the April 5, 2011 plea agreement were illegal and the sentence contemplated by the parties was also illegal.

6. This Court cannot modify a sentence imposed by another trial court without the consent and approval of the original sentencing judge.

7. This Court cannot allow an illegal sentence to stand.

8. Vacating the judgment of conviction entered by this Court on April 5, 2011[,] is the only way to cure the procedural irregularities in this case and correct the illegal sentence imposed hereunder.

9. Because Defendant is serving the sentence originally imposed under Cause … 44 there is no prejudice to him by vacating the April 5, 2011 entry and returning this case to its pre-trial status.

Appellant's App. pp. 56-57.

The parties were unable to reach a new plea agreement, and on May 2, 2012, Minney was tried by a jury on the Class C felony escape charge. The jury found Minney guilty as charged, and Court G01 imposed the minimum executed sentence of two years.

## DISCUSSION AND DECISION

### I. Vacated Plea Agreement

Minney argues that Court G01 abused its discretion in vacating the original judgment and sentence under Cause 95691, claiming that the court lacked jurisdiction after it accepted Minney's plea agreement and sentenced him according to its terms. The State claims that Minney has waived this challenge because he failed to lodge a timely objection to the court's continuing jurisdiction over the case. Minney responds that his challenge is one of subject matter jurisdiction and, therefore, cannot be waived.

> Subject matter jurisdiction is the power of a court to hear a class of cases, while jurisdiction over the case is the power of the court to hear a particular case within the class of cases. *Dixon v. Siwy*, 661 N.E.2d 600, 605 n. 10

5

> (Ind. Ct. App. 1996). A judgment rendered by a court lacking subject
> matter jurisdiction is void and may be attacked at any time. *Id.* In contrast,
> a judgment rendered by a court lacking jurisdiction over the particular case
> is voidable and must be timely objected to or it is waived. *Id.*

*Foor v. Town of Hebron*, 742 N.E.2d 545, 548 (Ind. Ct. App. 2001).

We find Minney's claim to be one of jurisdiction over the case and not subject matter jurisdiction. Minney does not assert that he objected to Court G01's authority to vacate its original judgment and sentence under Cause 95691, and we find no such objection in the record. Because Minney failed to file a timely objection to the trial court's continuing jurisdiction over Cause 95691, we conclude that he has waived his argument that the court abused its discretion in vacating its original judgment and sentence.

Waiver notwithstanding, we find that Minney's argument on the merits is undercut by the authority on which it is based. Minney relies on the Indiana Supreme Court's holding in *Dier v. State*, that a trial court has no jurisdiction to vacate a sentence and impose another where the defendant, whose original sentence was reduced pursuant to a plea agreement, later breaches that agreement. 524 N.E.2d 789, 790 (Ind. 1988). Under *Dier*, jurisdiction is transferred to the DOC once a trial court accepts a guilty plea and sentences the defendant.[2] 524 N.E.2d at 790.

To the extent that *Dier* is applicable to the instant matter, it yields our finding that Court G01 lacked jurisdiction over Cause 44. Therefore, Court G01's modification under

---

[2] We note that Indiana Code section 33-23-2-4 provides that "All courts retain power and control over their judgments for ninety (90) days after rendering the judgments in the same manner and under the same conditions as they retained power and control during the term of court in which the judgments were rendered."

6

Cause 95691 of the Cause 44 sentence renders the original Cause 95691 sentence illegal. It is the "'general, if not unanimous, rule that a trial court has the power to vacate an illegal sentence and impose a proper one….'" *Ennis v. State*, 806 N.E.2d 804, 809 (Ind. Ct. App. 2004) (quoting *Niece v. State*, 456 N.E.2d 1081, 1084 (Ind. Ct. App. 1983)). And "[i]t makes no difference whether the sentencing error followed a trial or a guilty plea…." *Niece*, 456 N.E.2d at 1084. "Neither does the length of time intervening between the original erroneous sentence and the correction affect the court's power to correct the sentencing error." *Id.* We conclude Court G01 did not abuse its discretion in vacating its original judgment and sentence under Cause 95691.

## II. Double Jeopardy

Minney also argues that his prosecution for Class C felony escape violates double jeopardy because the DOC had already sanctioned him with a thirty-day credit time deprivation. Double jeopardy claims are reviewed *de novo*, and we find that Minney's has no merit.

> [The] constitutional prohibition of double jeopardy applies only to criminal prosecutions. *Williams v. State* (1986), Ind., 493 N.E.2d 431, 433. An administrative punishment by prison officials does not preclude a subsequent prosecution arising out of the same act. *Id.* The Department of Correction is authorized to administratively punish actions done within the prison walls by imposing disciplinary sanctions. *Lyons v. State* (1985), Ind. App., 475 N.E.2d 719, 723, *trans. denied.* However, the Department may not lengthen a convict's term in prison. *Id.*

*State v. Mullins*, 647 N.E.2d 676, 678 (Ind. Ct. App. 1995).

"Credit time is a statutory reward for a lack of conduct that is in violation of institutional rules. It is earned toward release on parole for felons, and does not diminish the fixed term or affect the date on which the offender will be discharged." *Id.* (internal

7

citations omitted). "A person may be deprived of any part of the credit time he has earned for a violation of a rule of the Department of Correction." *Id.* (citing Ind. Code § 35-50-6-5). "The deprivation of credit time cannot lengthen the fixed term of a prisoner's sentence and therefore cannot rise to the level of impinging upon a fundamental liberty interest triggering double jeopardy concerns." *Id.*

Minney claims his disciplinary sanction was not a deprivation of credit time but, rather, an imposition of additional jail time. He relies solely on DOC Community Supervision Manager Gretchen O'Brien's trial testimony that Minney was sanctioned with thirty days of "extra discipline" for his alleged escape. Tr. p. 50. This assertion is a mischaracterization of the record. The phrase, "extra discipline," was actually used by Minney's trial counsel when questioning O'Brien about Minney's disciplinary sanctions. And the question was posed in response to O'Brien's testimony that Minney had been "depriv[ed] 30 days." Tr. p. 49. Moreover, Minney makes no argument, and we find no evidence, that his sentence was extended by the sanction imposed. We conclude that Minney's prosecution for escape was not a double jeopardy violation.

The judgment of the trial court is affirmed.

RILEY, J., and BROWN, J., concur.