## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 07 2016, 9:28 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Alan James Hoover
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Alan James Hoover, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | September 7, 2016 <br><br> Court of Appeals Case No. 55A01-1508-PC-1286 <br><br> Appeal from the Morgan Circuit Court <br><br> The Honorable Matthew Hanson, Judge <br><br> Trial Court Cause No. 55C01-1506-PC-868 |

**Altice, Judge.**

**Case Summary**

[1] Alan Hoover appeals from the denial of his petition for post-conviction relief. Hoover presents three issues for our review, one of which we find dispositive: Did the trial court abuse its discretion by summarily denying his petition for post-conviction relief (PCR petition) without a hearing?

[2] We reverse and remand.

## Facts & Procedural History

[3] On October 29, 2008, the State charged Hoover with murder, a felony, and aggravated battery, a Class B felony. On February 2, 2009, the State amended the charging information by replacing the aggravated battery count with felony murder, and adding a count for robbery as a Class A felony. A four-day jury trial commenced on March 23, 2009. The jury found Hoover guilty of robbery, acquitted him of murder, and was unable to reach a verdict as to felony murder. The trial court held a sentencing hearing on April 22, 2009, and sentenced Hoover to twenty-five years imprisonment. Hoover filed a notice of appeal the same day.

On direct appeal, Hoover argued that (1) the acquittal on the murder charge and the inability of the jury to reach a decision on the felony murder charge rendered his conviction for robbery as a Class A felony inconsistent; (2) the evidence was insufficient to support his robbery conviction; (3) the trial court erred in instructing the jury on felony murder; (4) the trial court erred by not instructing the jury on the lesser offense of theft; and (5) double jeopardy principles prohibited retrial on felony murder. This court affirmed Hoover's

conviction for robbery and further concluded that Hoover could not be retried on the felony murder count. *Hoover v. State*, 918 N.E.2d 724 (Ind. Ct. App. 2009), *trans. denied*.

[4] On July 30, 2010, Hoover filed a PCR petition, which was withdrawn without prejudice on October 23, 2013. On June 5, 2015, Hoover, pro se, filed the instant PCR petition. Hoover raised four issues: (1) his appellate counsel[1] was ineffective, (2) he was denied due process when the "self-defense absolving affects [were] not applied to all counts/elements", (3) he was denied due process because he was not provided notice of the nature of the charges against him, and (4) his trial counsel was ineffective for failing to raise mitigating circumstances at sentencing. *Appellant's Appendix* at 4. Pursuant to Hoover's request, he was appointed a public defender. The State filed an answer to Hoover's PCR petition generally denying the allegations therein. On July 30, 2015, the public defender filed a notice of non-representation, asserting that Hoover's claims were not meritorious or in the interest of justice. *See* Ind. Post-Conviction Rule 1(9)(c). The following day the trial court entered an order summarily denying Hoover's PCR petition without a hearing. Hoover now appeals.

## Discussion & Decision

---

[1] It appears that the same attorney represented Hoover at trial and on appeal.

[5] Post-conviction proceedings afford petitioners a limited opportunity to raise issues that were unavailable or unknown at trial and on direct appeal. *Conner v. State*, 711 N.E.2d 1238, 1244 (Ind. 1999); *see also* Ind. Post-Conviction Rule 1(1)(a). Such proceedings are not "super appeals" through which convicted persons can raise issues that they failed to raise at trial or on direct appeal. *McCary v. State*, 761 N.E.2d 389, 391 (Ind. 2002). Post-conviction proceedings are civil in nature, and petitioners bear the burden of proving their grounds for relief by a preponderance of the evidence. P-C.R. 1(5).

[6] Post-Conviction Rule 1(4) provides two different subsections under which a post-conviction court may deny a petition without a hearing—subsection (f) and subsection (g). Subsection (f) provides that a post-conviction court "may deny the petition without further proceedings" if "the pleadings conclusively show that [the] petitioner is entitled to no relief [.]" Ind. Post–Conviction Rule 1(4)(f). Subsection (g) provides that a post-conviction court:

> may grant a motion by either party for summary disposition of the petition when it appears from the pleadings, depositions, answers to interrogatories, admissions, stipulations of fact, and any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

P-C.R. 1(4)(g). Disposal of a petition under each of these two subsections leads to a different standard of review on appeal. *Allen v. State*, 791 N.E.2d 748, 752 (Ind. Ct. App. 2003), *trans. denied*.

Here, there was no motion filed by either party requesting summary disposition. Rather, the day after the public defender filed its notice of non-participation, the trial court summarily denied Hoover's PCR petition, finding that his requested relief was "not warranted." *Appellant's Appendix* at 22. Thus, the summary disposition in this case was pursuant to subsection (f).

[7] When a court disposes of a petition under P-C.R. 1(4)(f), we essentially review the lower court's decision as we would a motion for judgment on the pleadings. *Allen*, 791 N.E.2d at 752. The court errs in disposing of a petition in this manner unless "the pleadings conclusively show that petitioner is entitled to no relief." P-C.R. 1(4)(f). If the petition alleges only errors of law, then the court may determine without a hearing whether the petitioner is entitled to relief on those questions. *Allen*, 791 N.E.2d at 753 (*Clayton v. State*, 673 N.E.2d 783, 785 (Ind. Ct. App. 1996)). However, if the facts pled raise an issue of possible merit, then the petition should not be disposed of under section 4(f). *Id.* "This is true even though the petitioner has only a remote chance of establishing his claim." *Id.* (quoting *Clayton*, 673 N.E.2d at 785).

[8] It is well-settled that a post-conviction proceeding is generally the preferred forum for adjudicating claims of ineffective assistance of counsel because the presentation of such claims often requires the development of new evidence not present in the trial record. *See Jewell v. State*, 887 N.E.2d 939, 941-42 (Ind. 2008); *Woods v. State*, 701 N.E.2d 1208, 1220 (Ind. 1998). Hoover asserted a

claim of ineffective assistance of counsel.[2] Although Hoover did not specifically delineate how his counsel was ineffective at this stage, his claim is not subject to summary denial without a hearing. Indeed, the pleading does not "conclusively show that [Hoover] is entitled to no relief." *See* P-C.R. 1(4)(f). The trial court erred in denying Hoover's PCR petition without a hearing. We therefore reverse the trial court's order denying Hoover's PCR petition and remand with instructions to conduct a hearing thereon.

[9] We reverse and remand.

[10] Bailey, J. and Bradford, J., concur.

---

[2] Hoover presented other claims in his PCR petition, some of which may fall under his claim of ineffective assistance of appellate counsel.