## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 14 2019, 9:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Ronald Lunsford
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ronald Lunsford, Jr.,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

February 14, 2019

Court of Appeals Case No.
18A-PC-2168

Appeal from the Sullivan Superior Court

The Honorable Hugh R. Hunt, Judge

Trial Court Cause No.
77D01-1607-PC-472

**Baker, Judge.**

[1]     Ronald Lunsford appeals the post-conviction court's denial of his petition for post-conviction relief, arguing that his trial counsel provided ineffective assistance by failing to move to dismiss the criminal charges when there was an alleged double jeopardy violation. Finding no error, we affirm.

# Facts

[2]     On June 30, 1995, a Wabash Valley Correctional Institution officer heard noises coming from a nearby prisoner's cell. He approached the cell and found Lunsford and fellow inmate Robert Smith repeatedly stabbing another inmate, Michael Wedmore, to death. On July 11, 1995, the State charged Lunsford with one count of murder and one count of conspiracy to commit murder.

[3]     In September 1995, the Department of Correction (DOC) instituted a separate administrative disciplinary proceeding against Lunsford for the murder of Wedmore. On September 20, 1995, the DOC found that Lunsford had committed murder and sanctioned him with disciplinary segregation for three years, a demotion in credit-time class, and a loss in good-time credits.

[4]     On August 23, 1996, the State filed an additional voluntary manslaughter charge against Lunsford. On September 9, 1996, Lunsford pleaded guilty to the voluntary manslaughter charge in exchange for the dismissal of the other charges. Both Lunsford and his attorney signed the written agreement. The trial court imposed a forty-year sentence.

[5] On July 26, 2016, Lunsford filed a petition for post-conviction relief, claiming that his trial counsel provided ineffective assistance by failing to file a motion to dismiss the criminal charges. Lunsford argued that since he had already been disciplined in the DOC's administrative proceeding, it was inappropriate for his trial counsel to recommend that he plead guilty in the supplemental criminal prosecution because it would constitute a double jeopardy violation.

[6] The post-conviction court denied Lunsford's petition, saying that "[p]etitioner's argument is wholly without merit as it is well settled law in this state that administrative punishment by prison officials does not prohibit a subsequent prosecution arising out of the same act." Appellant's App. Vol. II at 52. Lunsford now appeals.

# Discussion and Decision

[7] Lunsford appeals the denial of his petition for post-conviction relief, arguing that his trial counsel provided ineffective assistance by failing to move to dismiss his criminal charges.[1][2]

---

[1] Additionally, Lunsford argues that the post-conviction court erred when it denied his motion to subpoena his trial counsel and the corrections superintendent. We find this argument unavailing. The post-conviction court held that Lunsford's petition outright was without merit as a matter of law. Therefore, testimony from Lunsford's trial counsel and the corrections superintendent was unnecessary, and the post-conviction court did not err in denying the motion to subpoena.

[2] Lunsford also claims that because his trial counsel "misadvised" him to plead guilty, his guilty plea was not knowing, voluntary, or intelligent. *See generally Boykin v. Alabama*, 395 U.S. 238, 242 (1969). Once again, this argument is unavailing. Lunsford has proffered no evidence showing that his guilty plea was not knowing,

[8] In post-conviction proceedings, the petitioner bears the burden of establishing grounds for post-conviction relief by a preponderance of the evidence. *Helton v. State*, 907 N.E.2d 1020, 1023 (Ind. 2009). A petitioner must show that the evidence unerringly and unmistakably leads to a conclusion opposite that reached by the trial court. *Weatherford v. State*, 619 N.E.2d 915, 917 (Ind. 1993). Furthermore, we will consider only the evidence and reasonable inferences supporting the post-conviction court's judgment. *Id.*

[9] For a claim of ineffective assistance of counsel, we use a two-pronged test. To satisfy the first prong, the defendant must show deficient performance: representation that fell below an objective standard of reasonableness, committing errors so serious that the defendant did not have the "counsel" guaranteed by the Sixth Amendment. *Humphrey v. State*, 73 N.E.3d 677, 682 (Ind. 2017); *see generally Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the second prong, the defendant must show prejudice: a reasonable probability (i.e., a probability sufficient to undermine confidence in the outcome) that, but for counsel's errors, the result of the proceeding would have been different. *Humphrey*, 73 N.E.3d at 682.

[10] Lunsford argues that his trial counsel should have moved to dismiss the criminal charges because he had already been subject to disciplinary action for the murder by the DOC in a separate proceeding. Consequently, he maintains

voluntary, and intelligent. The fact that Lunsford and his trial counsel both signed the agreement after due consideration further undermines this argument.

that the trial court violated the prohibition against double jeopardy because he was being criminally punished twice for the same action. *Mehidal v. State*, 623 N.E.2d 428, 434 (Ind. Ct. App. 1993) (reiterating the principle of double jeopardy wherein the State may not punish a criminal defendant twice for the same offense).

[11] However, there is a clear difference between criminal punishment and administrative sanctions:

> [T]his constitutional prohibition of double jeopardy applies only to criminal prosecutions. An administrative punishment by prison officials does not preclude a subsequent prosecution arising out of the same act. The Department of Correction is authorized to administratively punish actions done within the prison walls by imposing disciplinary sanctions.

*State v. Mullins*, 647 N.E.2d 676, 678 (Ind. Ct. App. 1995) (internal citations omitted). With this standard in mind, we find Lunsford's argument unavailing. The DOC sanctions imposed against Lunsford constituted an administrative punishment that, when paired with a subsequent prosecution, does not create a double jeopardy violation. Therefore, counsel was not ineffective for declining to file a motion to dismiss on this basis, and the post-conviction court did not err by denying Lunsford's petition.

[12] The judgment of the post-conviction court is affirmed.

May, J., and Tavitas, J., concur.