Tim L. GODBY, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–
Respondent.

No. 33A04–0402–PC–71.

Court of Appeals of Indiana.

June 4, 2004.

Transfer Denied Aug. 26, 2004.

Daniel K. Whitehead, Yorktown, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Tim L. Godby was convicted of Murder following a jury trial. On direct appeal, our supreme court affirmed his conviction. *See Godby v. State,* 736 N.E.2d 252 (Ind. 2000) (*"Godby I"*). Godby subsequently petitioned for post-conviction relief, which the court summarily denied. Godby now appeals, challenging the post-conviction court's judgment, and he raises the following issues for our review:

1. Whether the post-conviction erred when it granted the State's motion for summary disposition.

2. Whether he was denied the effective assistance of trial counsel.

3. Whether he was denied his right to due process.

We affirm.

### FACTS AND PROCEDURAL HISTORY

In April 1997, Godby was convicted, following a jury trial, of murdering Jeffrey Asberry in New Castle. The trial court sentenced Godby to sixty years executed. After his trial, Godby hired new counsel and filed a motion to correct error, alleging in relevant part that he was denied the effective assistance of trial counsel and that he was denied his right to due process. The trial court denied that motion following a hearing. Godby then filed a direct appeal with our supreme court, and the court affirmed his conviction. *See Godby I,* 736 N.E.2d at 259. Godby did not raise the issue of ineffective assistance of trial counsel in that appeal.

In 2001, Godby filed a petition for post-conviction relief, and he filed an amended petition on April 28, 2003. In his petition, he alleged that he was denied the effective assistance of trial counsel and that he was denied his right to due process. The State moved to summarily deny Godby's petition, and the post-conviction court granted that motion. The post-conviction court found that none of the issues raised in Godby's petition were available for post-conviction review. This appeal ensued.

### DISCUSSION AND DECISION

#### Standard of Review

The petitioner bears the burden of establishing his grounds for post-convic-

tion relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5); *Harrison v. State*, 707 N.E.2d 767, 773 (Ind.1999), *cert. denied*, 529 U.S. 1088, 120 S.Ct. 1722, 146 L.Ed.2d 643 (2000). To the extent the post-conviction court denied relief in the instant case, Godby appeals from a negative judgment and faces the rigorous burden of showing that the evidence as a whole " 'leads unerringly and unmistakably to a conclusion opposite to that reached by the [ ] court.' " *Williams v. State*, 706 N.E.2d 149, 153 (Ind.1999) (quoting *Weatherford v. State*, 619 N.E.2d 915, 917 (Ind.1993)), *cert. denied*, 529 U.S. 1113, 120 S.Ct. 1970, 146 L.Ed.2d 800 (2000). It is only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion, that its decision will be disturbed as contrary to law. *Bivins v. State*, 735 N.E.2d 1116, 1121 (Ind.2000).

## Issue One:  Summary Denial

■ Godby first contends that the post-conviction court erred when it granted the State's motion for summary disposition. Specifically, Godby maintains that he presented evidence establishing a genuine issue of material fact precluding summary disposition. We cannot agree.

■ A post-conviction court may summarily deny a petition for relief if the pleadings and the record conclusively demonstrate that there is no genuine issue of material fact and the petitioner is not entitled to relief. Ind. Post–Conviction Rule 1(4)(f) and (g); *Lloyd v. State*, 717 N.E.2d 895, 899 (Ind.Ct.App.1999), *trans. denied*. Where the post-conviction court is able to determine, after reading the petition and consulting the record, that there is no factual issue in dispute, a summary denial of a petition for post-conviction relief is proper. *Lloyd*, 717 N.E.2d at 899;  *see*

*also Diaz v. State*, 753 N.E.2d 724, 727 (Ind.Ct.App.2001) (holding summary disposition appropriate where parties did not disagree about relevant facts), *trans. denied*. The necessity of an evidentiary hearing is avoided when the pleadings show only issues of law. *Clayton v. State*, 673 N.E.2d 783, 785 (Ind.Ct.App.1996).

Here, Godby has not demonstrated that there existed issues of material fact precluding summary disposition. The State did not dispute any material facts in response to Godby's petition. Instead, the State's challenge to Godby's petition was based upon the defenses of laches, res judicata, and waiver. In short, the post-conviction court's consideration of Godby's petition rested on a resolution of questions of law, namely, whether the issues raised in the petition were available for post-conviction review. As such, the court did not err when it ruled on Godby's petition without first conducting an evidentiary hearing. *See id.*

## Issue Two:  Ineffective Assistance of Trial Counsel

■ Godby next contends that he was denied the effective assistance of trial counsel. The State responds that that issue is not available for post-conviction review because he had already asserted it in a motion to correct error to the trial court. We must agree with the State.

■ Post-conviction procedures do not afford a petitioner with a super-appeal, and not all issues are available. *Timberlake v. State*, 753 N.E.2d 591, 597 (Ind. 2001), *cert. denied*, 537 U.S. 839, 123 S.Ct. 162, 154 L.Ed.2d 61 (2002). Rather, subsequent collateral challenges to convictions must be based on grounds enumerated in the post-conviction rules. *Id.* If an issue was known and available, but not raised on direct appeal, it is waived. *Id.; see also Sanders v. State*, 765 N.E.2d 591, 592 (Ind.

2002) (noting claims of fundamental error raised in post-conviction petition but known and available on direct appeal are waived).

Nonetheless, our supreme court has held that a Sixth Amendment claim of ineffective assistance of counsel may be presented for the first time in a petition for post-conviction relief. *Woods v. State*, 701 N.E.2d 1208, 1210 (Ind.1998), *cert. denied*, 528 U.S. 861, 120 S.Ct. 150, 145 L.Ed.2d 128 (1999). But if ineffective assistance of trial counsel is raised on direct appeal, it will be foreclosed in post-conviction proceedings. *Id.* In *Woods*, our supreme court recognized three forms of ineffective assistance of counsel claims: those that can be evaluated on the face of the trial record ("record-based"), those that are not apparent from the record or require additional record development to assess the claimed error, and those which are based upon the record, but whose evaluation requires a showing to rebut the presumption of counsel competence. *Craig v. State*, 804 N.E.2d 170, 173 (Ind.Ct.App.2004). The court recognized that not all ineffective assistance of trial counsel claims are appropriate for direct appeal, for example, claims that require "further development of the record." *See id.* As such, rather than having different rules for different types of ineffective assistance of trial counsel claims, the court created a universal rule. That is, with the exception of cases where the issue is raised on direct appeal, a petitioner may raise the issue of ineffective assistance of trial counsel for the first time in a petition for post-conviction relief. *See Woods*, 701 N.E.2d at 1210.

■ Here, Godby did not present his ineffective assistance of trial counsel claim on direct appeal. Thus, a strict reading of the holding in *Woods* would support Godby's assertion that his claim is available for post-conviction review. But in *Woods*, the court did not consider the situation presented here, where the issue was raised in a motion to correct error but not raised on direct appeal. Unlike those ineffective assistance of counsel claims that may take some time to emerge and crystallize, here that claim was known and available to Godby on direct appeal because he presented it to the trial court in his motion to correct error. As such, Godby was given "a meaningful opportunity to litigate the claim." *See Woods*, 701 N.E.2d at 1217. Again, the general rule is that issues known and available on direct appeal are waived on post-conviction review. *Timberlake*, 753 N.E.2d at 597. Following the rationale expressed in *Woods*, we hold that just as ineffective assistance of trial counsel claims are foreclosed in post-conviction proceedings if they are raised on direct appeal, such claims are foreclosed where, as here, the issue was raised in a motion to correct error but not raised on direct appeal. We conclude, therefore, that the post-conviction court did not err when it found that Godby had waived his ineffective assistance of counsel claim on post-conviction review.[1]

### Issue Three: Due Process

■ Finally, Godby contends that the post-conviction court erred when it found

---

1. The post-conviction court addressed each of the five bases underlying Godby's ineffective assistance claim, finding that four of those bases were asserted in the motion to correct error. And the court noted that the fifth basis was resolved by our supreme court on direct appeal, although not in the context of ineffective assistance of counsel. *See Godby I*, 736 N.E.2d at 257–58 (holding Godby's absence from interview with juror did not result in prejudice or unfair trial). Regardless, our supreme court has stated that "[t]he specific contentions supporting the claim [of ineffective assistance] ... may not be divided between [direct appeal and collateral review]." *Woods*, 701 N.E.2d at 1220.

that the issue of whether he was denied his right to due process was not available for post-conviction review. Godby's specific claim on that issue is that the trial court violated his right to due process when it did not "provide electronic recordings of evidence, rulings of the judge, objections and other oral matters during the course of the trial." But, as the post-conviction court correctly found, that issue was available, but not raised, on direct appeal. As such, the issue is waived. *See Timberlake*, 753 N.E.2d at 597.

Affirmed.

KIRSCH, C.J., and RILEY, J., concur.