Lyndale R. IVY, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 40A01–0609–PC–417.

Court of Appeals of Indiana.

Feb. 28, 2007.

Transfer Denied March 22, 2007.

Lyndale R. Ivy, Michigan City, IN, pro se.

Steve Carter, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, IN, for Appellee.

## OPINION

MAY, Judge.

Lyndale R. Ivy, *pro se*, appeals the summary denial of his petition for post-conviction relief. He asserts the court should have set aside his plea agreement because the State violated it when it did not dismiss the charges that remained after his sentencing. The State did fail, for over twenty years, to dismiss four requests for the death penalty and four other counts, as required by the plea agreement. However, this does not entitle Ivy to have his plea agreement set aside. Therefore, we affirm.

### FACTS AND PROCEDURAL HISTORY

In 1978, Ivy was charged with a number of crimes including two counts of felony

murder.[1] The State made four separate requests for the death penalty. Ivy agreed to plead guilty to two counts of felony murder and to be sentenced to two consecutive fifty-year sentences. In exchange, the State agreed it would "dismiss all remaining counts of the information against the defendant, including the four separate requests for the imposition of the death sentence heretofore filed in this cause." (App. at 1.) That agreement was filed with the trial court on August 10, 1978. The court accepted the plea and sentenced Ivy accordingly on August 18, 1978.

On August 25, 2004, Ivy filed a motion to dismiss the remaining counts of the State's amended information from 1978. In support thereof, Ivy cited his plea agreement and his sentencing order. On October 21, 2004, the court granted Ivy's motion and dismissed the eight remaining counts of Ivy's 1978 charging information.

On August 18, 2006, Ivy filed an amended petition for post-conviction relief in which he claimed the court should "vacate the judgment of conviction previously entered" against him because the State failed to abide by its portion of the plea agreement. (*Id.* at 21.) He asserted:

> The promise made to Ivy by the State of Indiana to seek dismissal of all remaining counts of the Information, including the four separate requests for the death sentence, as alleged above, induced Ivy's guilty pleas in this case, since the only reason that Ivy agreed to plead guilty and receive a 100 year prison sentence is because the State of Indiana promised him that it would dismiss the four counts of the Information seeking the death sentence. Consequently, the State of Indiana's total failure to adhere to their [sic] promise which induced Ivy's guilty pleas constitutes a breach of the plea agreement and renders Ivy's plea involuntary and violate[s] Ivy's rights.

(*Id.* at 23–4.) The court summarily denied Ivy's petition because "said petition is moot and that the relief sought by the Defendant was granted by the Court in its order of October 21, 2004." (*Id.* at 26.)

## DISCUSSION AND DECISION

■ Ivy claims the court erred by failing to set aside his guilty pleas.[2] A petitioner for post-conviction relief must establish his grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5). When the court denies relief, the petitioner appeals from a negative judgment, such that he must demonstrate on appeal "the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the court." *Godby v. State*, 809 N.E.2d 480, 482 (Ind.Ct.App.2004). We may reverse the court's decision as contrary to law only if the evidence is without conflict and leads to the conclusion opposite that reached by the court below. *Id.*

■ The court summarily denied Ivy's petition. A court may do so "if the

---

1. The record before us does not contain a copy of the charging information, so we do not know the exact nature of all the charges brought against Ivy.

2. Ivy asserts both the State and the post-conviction court misunderstand the relief he requests, because each characterized the issue he raised as "moot" in light of the trial court's 2004 dismissal of the charges. We understand Ivy's frustration, as the relief he requests herein is not dismissal of those charges, but rather the setting aside of his guilty pleas. However, we also understand the logic implicit in the State's and trial court's positions: when the court granted Ivy's 2004 motion to dismiss the eight remaining charges, it eliminated the factual basis underlying Ivy's claim that the State failed to uphold its part of the plea agreement.

pleadings and the record conclusively demonstrate that there is no genuine issue of material fact and the petitioner is not entitled to relief." *Id.* "Where the post-conviction court is able to determine, after reading the petition and consulting the record, that there is no factual issue in dispute, a summary denial of a petition for post-conviction relief is proper." *Id.*

■ Ivy asserts the State's failure to dismiss the charges against him breached his plea agreement with the State and, due to that breach, he is entitled to have his guilty pleas set aside.[3] We cannot agree.

■ Under Ind.Code 35–35–1–4(c):

After being sentenced following a plea of guilty, or guilty but mentally ill at the time of the crime, the convicted person may not as a matter of right withdraw the plea. However, upon motion of the convicted person, the court shall vacate the judgment and allow the withdrawal whenever the convicted person proves that withdrawal is necessary to correct a manifest injustice. A motion to vacate judgment and withdraw the plea made under this subsection shall be treated by the court as a petition for postconviction relief under the Indiana Rules of Procedure for Postconviction Remedies. For purposes of this section, withdrawal of the plea is necessary to correct a manifest injustice whenever:

(1) the convicted person was denied the effective assistance of counsel;

(2) the plea was not entered or ratified by the convicted person;

(3) the plea was not knowingly and voluntarily made;

(4) the prosecuting attorney failed to abide by the terms of a plea agreement; or

(5) the plea and judgment of conviction are void or voidable for any other reason.

The motion to vacate the judgment and withdraw the plea need not allege, and it need not be proved, that the convicted person is innocent of the crime charged or that he has a valid defense.

"Manifest injustice" is a "necessarily imprecise standard." *Coomer v. State,* 652 N.E.2d 60, 62 (Ind.1995). A trial court's ruling comes to us with a presumption that it is correct. *Id.*

The State failed to dismiss the eight remaining counts against Ivy, as required by the plea agreement. Therefore the "prosecuting attorney failed to abide by the terms of a plea agreement." Ind.Code 35–35–1–4(c)(4). Nevertheless, under the facts and circumstances of this case, we cannot conclude that failure by the State created "manifest injustice" justifying reversal of a nearly thirty-year-old plea agreement, conviction, and sentence.

The State did not prosecute Ivy for those charges, nor did it oppose Ivy's motion to dismiss those charges in 2004. It appears the State simply forgot about its obligation to formally dismiss those charges. While the State violated the letter of the agreement, it did not violate the spirit of the agreement. We do not see

---

3. Ivy wants his guilty pleas set aside and, thereby, his 100 year cumulative sentence. Nothing in his brief suggests he comprehends the consequence of that request being granted: he would then be subject to prosecution for the ten original charges. *See Patton v. State,* 810 N.E.2d 690, 696 (Ind.2004) (where defendant did not "sufficiently understand the nature of the charge to which he pleaded guilty," we reversed the denial of post-conviction relief and remanded "with instructions to grant [defendant] a new trial on the attempted murder charge"). Ivy claims the State's failure to dismiss those counts has caused him to worry for twenty years about those four death penalty counts, but now he is, in essence, asking us to resurrect them.

the State's failure as the "manifest injustice" Ivy wishes us to rectify. Therefore, we affirm the denial of Ivy's petition for post-conviction relief.

Affirmed.

NAJAM, J., and MATHIAS, J., concur.