**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY PRO SE:

**JAMES E. ROBINSON**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAMES E. ROBINSON, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 12A02-1308-PC-775 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE CLINTON SUPERIOR COURT
The Honorable Justin H. Hunter, Judge
Cause No. 12D01-1009-PC-2

**May 27, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

James E. Robinson appeals the post-conviction court's summary denial of his petition for post-conviction relief. Robinson raises a single issue for our review, namely, whether the post-conviction court erred when it denied Robinson's petition without holding an evidentiary hearing. We reverse and remand.

**FACTS AND PROCEDURAL HISTORY**

On August 29, 2002, Robinson pleaded guilty to murder, a felony. The trial court sentenced him to sixty years in the Department of Correction. Robinson did not pursue a direct appeal.

On September 28, 2010, Robinson filed his pro se petition for post-conviction relief. According to Robinson's petition, he was entitled to post-conviction relief because he had "[r]eceived ineffective assistance of counsel [at the] Guilty Plea Hearing" and because his "Plea Agreement was not knowingly, voluntarily, and [i]ntelligently entered." Appellant's App. at 18. As factual background for his allegations, Robinson stated:

> (a)  Counsel advanced pleading guilty without developing expert opinion or background information that [was] highly relevant to an evaluation of defendant's mental defect and mental health.
>
> (b)  Counsel advised defendant to enter into Plea Agreement and Guilty Plea Hearing [sic] while defendant was not competent to stand trial. See Guilty Plea Hearing, Attorney-client files, Exhibit "B-B" pg 2, and newly discovered evidence.

Id. at 18-19. Robinson then stated the name and address of his trial attorney. Robinson's petition stated no other information relevant to his allegations, no exhibits were attached

2

to Robinson's petition, and Robinson in no other way clarified what he meant by the "newly discovered evidence" he alleged to have discovered.

On April 12, 2013, Robinson filed a motion for an evidentiary hearing on his petition. On May 13, the court ordered the parties to "present evidence that each side wishes for the court to consider by written submission, within sixty days. Thereafter, the [c]ourt will determine whether to schedule an evidentiary hearing." Id. at 3. Rather than respond to the court's request, on June 21 Robinson filed a second motion for an evidentiary hearing. On July 19, the court found that "[n]o evidence was submitted in furtherance of Petitioner's Verified Petition for Post-Conviction Relief" pursuant to the court's May 13 Order, and, as such, the court denied Robinson's petition with prejudice. This appeal ensued.

**DISCUSSION AND DECISION**

Robinson appeals the post-conviction court's summary denial of his petition for post-conviction relief. Post-conviction proceedings do not grant a petitioner a "super-appeal" but are limited to those issues available under the Indiana Post-Conviction Rules. Timberlake v. State, 753 N.E.2d 591, 597 (Ind. 2001) (citing Ind. Post-Conviction Rule 1(1)). Post-conviction proceedings are civil in nature, and petitioners bear the burden of proving their grounds for relief by a preponderance of the evidence. P-C.R. 1(5). A petitioner who appeals the denial of a petition for post-conviction relief faces a rigorous standard of review, as the reviewing court may consider only the evidence and the reasonable inferences supporting the judgment of the post-conviction court. Kien v. State, 866 N.E.2d 377, 381 (Ind. Ct. App. 2007), trans. denied. The appellate court must

3

accept the post-conviction court's findings of fact and may reverse only if the findings are clearly erroneous. Stephenson v. State, 864 N.E.2d 1022, 1028 (Ind. 2007). If a post-conviction petitioner was denied relief, he or she must show that the evidence as a whole leads unerringly and unmistakably to an opposite conclusion than that reached by the post-conviction court. Ivy v. State, 861 N.E.2d 1242, 1244 (Ind. Ct. App. 2007), trans. denied.

If post-conviction pleadings show conclusively that the petitioner is entitled to no relief, the court may deny the post-conviction petition without further proceedings. P-C.R. 1(4)(f). Where a court disposes of a petition accordingly, we review the court's decision as we would a motion for judgment on the pleadings. Allen v. State, 791 N.E.2d 748, 752 (Ind. Ct. App. 2003), trans. denied. The court errs in disposing of a petition in this manner unless the pleadings show that the petitioner is entitled to no relief. Id. at 752-53. The petitioner has a burden "only to plead facts that raise[] an issue of possible merit." Id. at 754. When a petitioner alleges ineffective assistance of counsel and the facts pled raise an issue of possible merit, the petition should not be summarily denied. Id. at 756. But "without specific factual allegations in support of the claim of inadequacy of representation no evidentiary hearing is required." Tyson v. State, 868 N.E.2d 855, 858 (Ind. Ct. App. 2007) (citing Sherwood v. State, 453 N.E.2d 187, 189 (Ind. 1983)), trans. denied. The post-conviction court shall make specific findings of fact and conclusions of law on all issues presented, whether or not a hearing is held. P-C.R. 1(6); Clayton v. State, 673 N.E.2d 783, 786 (Ind. Ct. App. 1996).

4

Here, Robinson contends that his "petition alleged that his trial counsel was ineffective at the competency and sentencing hearing and that his trial counsel never performed any investigation into [Robinson's] state of mind." Appellant's Br. at 5. In support of his argument on appeal, he relies on Sherwood and Clayton. In Sherwood, our Supreme Court reversed the post-conviction court's summary denial of the petitioner's claim for relief in light of the following factual basis alleged in the petition:

> In his petition appellant stated: "I would also like to file a motion to get a new trial on the grounds that according to my lawyer I would be place[d] in a hospital to do my time." He also stated: "My lawyer did not give me proper counsel."

> Given this state of the record, we cannot agree with the State's contention that appellant made no allegation as to the existence of a question of law regarding the adequacy of representation.

> * * *

> . . . In a post-conviction relief proceeding, the facts are determined in an evidentiary hearing, unless the State in its answer admits to the petitioner's factual allegations or it is required that the facts as alleged by the petitioner be deemed as admitted due to the State's failure to file an answer to the petition. In the case at bar the State denied the facts alleged. This was enough to invoke the need to hold an evidentiary hearing. This is true no matter how unlikely it seems that appellant will be able to produce evidence in support of his claim.

453 N.E.2d at 189 (citations omitted). In Clayton, we reversed the post-conviction court's summary denial of the petition for post-conviction relief, stating:

> In the petition, Clayton alleged that he was originally offered a guilty plea requiring a two-year suspension of his driver's license. He also alleged that he refused this offer, and an offer requiring a one-year suspension was made. He further alleged that he would not have pled guilty if his trial counsel would have informed him that the one-year suspension under the guilty plea would begin after a one-year administrative suspension.

673 N.E.2d at 786.

5

We must agree with Robinson that his petition stated enough factual background to entitle him to an evidentiary hearing. Although the State asserts that Robinson "failed to allege[] specific factual allegations to support his petition," Appellee's Br. at 6, the State is clearly mistaken. Again, in his petition Robinson specifically alleged that:

> (a)　Counsel advanced pleading guilty without developing expert opinion or background information that [was] highly relevant to an evaluation of defendant's mental defect and mental health.
>
> (b)　Counsel advised defendant to enter into Plea Agreement and Guilty Plea Hearing [sic] while defendant was not competent to stand trial. See Guilty Plea Hearing, Attorney-client files, Exhibit "B-B" pg 2, and newly discovered evidence.

Id. at 18-19. That is, Robinson alleged that his trial counsel had failed to investigate Robinson's mental health and that Robinson's mental condition nullified his guilty plea. While Robinson's petition is not the polestar for how to write a petition for post-conviction relief, it is as adequate as the petition in Sherwood, which our Supreme Court held entitled the petitioner to an evidentiary hearing. See 453 N.E.2d at 189.

Moreover, we are not persuaded by the State's contention that Robinson was obliged to inform the post-conviction court of his evidence prior to an evidentiary hearing and in order to obtain an evidentiary hearing. "In a post-conviction relief proceeding, the facts are determined in an evidentiary hearing, unless the State in its answer admits to the petitioner's factual allegations . . . ." Id. The State did not admit to Robinson's factual allegations, and, thus, his allegations were by themselves "enough to invoke the need to hold an evidentiary hearing." Id.

Finally, we note that Post-Conviction Rule 1(6) required the post-conviction court to "make specific findings of fact and conclusions of law on all issues presented, whether

or not a hearing is held." The court here failed to comply with this rule. This failure is an additional reason for remand. <u>Clayton</u>, 673 N.E.2d at 786.

Reversed and remanded for an evidentiary hearing.

VAIDIK, C.J., and BROWN, J., concur.