## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 12 2019, 8:17 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEY FOR APPELLEES |
| --- | --- |
| Lyndale R. Ivy | Jeb A. Crandall |
| Pendleton, Indiana | Indianapolis, Indiana |

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
| --- | --- |
| Lyndale R. Ivy, | June 12, 2019 |
| *Appellant-Plaintiff,* | Court of Appeals Case No. 18A-MI-2840 |
| v. | Appeal from the Jennings Superior Court |
| Mary Dorsett Kilgore, Anita Williams, and Corizon, Inc. | The Honorable Gary L. Smith, Judge |
| *Appellees-Defendants* | The Honorable Timothy B. Day, Special Judge |
| | Trial Court Cause No. 40D01-1807-MI-67 |

**Altice, Judge.**

## Case Summary

[1] Lyndale R. Ivy filed a civil complaint in Jennings County Superior Court against Mary Dorsett Kilgore, Anita Williams, and Williams's employer, Corizon, Inc. The claims raised against Kilgore were entirely unrelated to the claims against Williams and Corizon. Williams moved to dismiss the action as to her on two separate grounds: 1) the claims were improperly joined with the claims against Kilgore and, therefore, the claims against her should be severed and transferred to Henry County, a county of preferred venue; and 2) Ivy failed to state a claim upon which relief can be granted.

[2] The trial court entered an order granting Williams's motion, which the court entitled, ORDER TO DISMISS/CORRECT VENUE. In granting the motion, the court referred only to the "improper venue" ground but then dismissed Williams as a party "effective immediately" without any mention of transferring the case. *Appellant's Appendix Vol. 2* at 13.

[3] On appeal, Ivy makes no argument regarding venue and focuses entirely on whether he stated claims against Williams for which relief can be granted. It does not appear, however, that the trial court dismissed on this ground. But then again, the trial court did not transfer the case as required by Ind. Trial Rule 75(B). Given the perplexing nature of the appealed order, we find ourselves unable to review it. Accordingly, we remand for clarification of the order and for transfer of the case to Henry County if indeed venue was improper.

[4] We remand with instructions.

## Facts & Procedural History

[5] Ivy is incarcerated in the Indiana Department of Correction (the IDOC), serving a 100-year sentence that was imposed in 1978. *See Ivy v. State*, 861 N.E.2d 1242, 1244 (Ind. Ct. App. 2007), *trans. denied*. As alleged by Ivy, in August 2016, the IDOC transferred him to the New Castle Psychiatric Facility (NCP) without providing Ivy written notice of the transfer, without a hearing, and without Ivy's consent. He claims the transfer was not a transfer between prisons. According to Ivy, NCP is "the mental hospital of the IDOC that treats and provides care for the most severe mentally ill or disturbed inmates confined within the IDOC." *Appellant's Appendix Vol. 2* at 17. Corizon is a private company under contract with the IDOC to provide medical and clinical care and services to inmates. Williams is a Corizon social worker and was involved in the transfer of Ivy to NCP under policies established by Corizon. Several months after an evaluation and diagnosis, Ivy was transferred out of NCP.

[6] On July 27, 2018, Ivy filed the instant complaint in Jennings Superior Court. In the complaint, Ivy alleged various claims against Kilgore, who was the Jennings County Clerk. Unrelated to these claims, Ivy asserted separate claims against Williams and Corizon for their alleged violation of his right to due course of law under Article 1, § 12 of the Indiana Constitution and for false imprisonment. His claims against Williams and Corizon related to his involuntary transfer to NCP.

[7] Williams filed a motion to dismiss on August 17, 2018, asserting the following alternative grounds:

1.  Under Indiana Trial Rule 12(b)(3), a defendant may move to dismiss an action on the basis of improper venue as set forth in Rule 75 or any statutory provision. There is no basis to join the claims against co-defendant Mary Kilgore and Williams. Thus, the claims against Williams should be severed and transferred to Henry County, Indiana, because venue is improper in Jennings County. T.R. 75(A)(1)-(10).

2.  Under Indiana Rule 12(b)(6), a defendant may move to dismiss an action when the plaintiff fails to state a claim for which he can recover. In these circumstances, Plaintiff does not state a valid claim under the Indiana State Constitution or under Indiana State law; therefore, his claims must be dismissed.

*Appellant's Appendix Vol. 2* at 22. Williams filed a memorandum with her motion. Related to venue, Williams noted that the only party with any connection to Jennings County was Kilgore and that the NCP was not located in Jennings County. Because the claims against Williams and Corizon were improperly joined with the claims against Kilgore pursuant to Ind. Trial Rule 20(A), Williams argued that these claims should be severed and venue transferred to Henry County, where NCP is located.

[8]  On September 25, 2018, the trial court issued the following order:

**ORDER TO DISMISS/CORRECT VENUE**

Comes now the Defendant, Anita Williams, by counsel and files herein a Motion to Dismiss due to improper venue and the Court having read said motion and the Plaintiff's response thereto hereby finds that said motion should be granted.

IT IS THEREFORE ORDERED by the Court that the Defendant, Anita Williams is hereby dismissed as a party to this cause of action, effective immediately.

*Appellant's Appendix Vol. 2* at 13. Thereafter, Ivy filed a motion to correct error, arguing in part that "the Court should have severed [Williams] as a party to this suit and ordered venue transferred to Henry County instead" of outright dismissing the lawsuit against her. The trial court did not rule on the motion to correct error, and it was deemed denied on or about November 15, 2018. Ivy now appeals.

### Discussion & Decision

[9] On appeal, Ivy argues that his claims against Williams should not have been dismissed for failure to state a claim, pursuant to T.R. 12(B)(6). Williams disagrees and also argues that Ivy's appeal is premature because the dismissal as to only Williams was not a final judgment.

[10] Ind. Appellate Rule 14(A)(8) permits interlocutory appeals as a matter of right for orders "[t]ransferring or refusing to transfer a case under Trial Rule 75". The first ground asserted in Williams's motion to dismiss was based on T.R. 12(B)(3) and T.R. 75, claiming improper venue and seeking transfer to a county of preferred venue. As noted above, the trial court's order is exceedingly vague, directly referencing the improper venue ground and saying nothing of the T.R. 12(B)(6) ground. Despite seemingly dismissing for improper venue, the trial court did not order the case transferred to Henry County. *See* T.R. 75(B)(1)

("Whenever a claim or proceeding is filed which should properly have been filed in another court of this state, and proper objection is made, the court in which such action is filed shall not then dismiss the action, but *shall* order the action transferred to the court in which it should have been filed.") (emphasis supplied).

[11] We conclude that this order is an appealable interlocutory order pursuant to App. R. 14(A)(8) that requires clarification and/or correction. On remand, the trial court is directed to expressly determine whether preferred venue lies in Jennings County. If it does not, then the court shall transfer the matter to Henry County, as there appears to be no dispute that Henry County is a county of preferred venue. If transfer is not appropriate, the trial court shall consider whether Ivy has a claim against Williams for which relief can be granted.

[12] Remanded.

Kirsch, J. and Vaidik, C.J., concur.