## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 26 2020, 9:49 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEY FOR APPELLEE |
|---|---|
| Lyndale R. Ivy<br>Pendleton, Indiana | Adam G. Forrest<br>BBKCC Attorneys<br>Richmond, Indiana |

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Lyndale R. Ivy,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Keith Butts,<br>*Appellee-Defendant.* | February 26, 2020<br><br>Court of Appeals Case No.<br>19A-MI-2508<br><br>Appeal from the Jennings Superior Court<br><br>The Honorable Frank M. Nardi, Special Judge<br><br>Trial Court Cause No.<br>40D01-1806-MI-39 |

**Najam, Judge.**

## Statement of the Case

[1] Lyndale Ivy appeals the trial court's grant of summary judgment in favor of Keith Butts on Ivy's complaint alleging false imprisonment. Ivy presents a

single dispositive issue for our review, namely, whether the trial court erred when it denied Ivy's summary judgment motion and entered summary judgment in favor of Butts. We affirm.

## Facts and Procedural History

[2] In 1978, Ivy pleaded guilty to two counts of felony murder and began serving a 100-year sentence in the Department of Correction ("DOC"). *Ivy v. State*, 861 N.E.2d 1242, 1244 (Ind. Ct. App. 2007), *trans. denied*. From December 2015 to November 2017, Ivy was incarcerated at the New Castle Correctional Facility, where Butts served as Warden under a contract with the DOC. On December 21, 2018, Ivy filed an amended complaint against Butts alleging that the 1978 judgment and "commitment order" were "void on their face" for the trial court's lack of subject matter jurisdiction and that Butts held Ivy in custody "without legal process" and "without [Ivy's] consent." Appellant's App. Vol. 2 at 18.

[3] On August 15, 2019, Ivy and Butts filed cross-motions for summary judgment. On October 3, the trial court issued an order denying Ivy's summary judgment motion and granting Butts' summary judgment motion. This appeal ensued.

## Discussion and Decision

[4] Ivy contends that the trial court erred when it denied his summary judgment motion and granted Butts' summary judgment motion. Our standard of review is clear. The Indiana Supreme Court has explained that

[w]e review summary judgment de novo, applying the same standard as the trial court: "Drawing all reasonable inferences in favor of . . . the non-moving parties, summary judgment is appropriate 'if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009) (quoting T.R. 56(C)). "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences." *Id.* (internal citations omitted).

The initial burden is on the summary-judgment movant to "demonstrate [ ] the absence of any genuine issue of fact as to a determinative issue," at which point the burden shifts to the non-movant to "come forward with contrary evidence" showing an issue for the trier of fact. *Id.* at 761-62 (internal quotation marks and substitution omitted). And "[a]lthough the non-moving party has the burden on appeal of persuading us that the grant of summary judgment was erroneous, we carefully assess the trial court's decision to ensure that he was not improperly denied his day in court." *McSwane v. Bloomington Hosp. & Healthcare Sys.*, 916 N.E.2d 906, 909-10 (Ind. 2009) (internal quotation marks omitted).

*Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014) (omission and some alterations original to *Hughley*).

[5] Further, as this Court has observed,

[a]ffidavits in support of or in opposition to a motion for summary judgment are governed by Indiana Trial Rule 56(E), which provides, in relevant part, as follows: "Supporting and opposing affidavits shall be made on personal knowledge, shall

set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." "'Mere assertions in an affidavit or conclusions of law or opinions will not suffice.'" *Dedelow v. Rudd Equip. Corp.*, 469 N.E.2d 1206, 1209 (Ind. Ct. App. 1984), (quoted in *City of Gary v. McCrady*, 851 N.E.2d 359, 364 (Ind. Ct. App. 2006)). The requirements of Trial Rule 56(E) are mandatory; hence, *a court considering a motion for summary judgment should disregard inadmissible information contained in supporting or opposing affidavits. Price v. Freeland*, 832 N.E.2d 1036, 1039 (Ind. Ct. App. 2005). Further, the party offering the affidavit into evidence bears the burden of establishing its admissibility. *Duncan v. Duncan*, 764 N.E.2d 763, 766 (Ind. Ct. App. 2002), *trans. denied*.

*City of Indianapolis v. Duffitt*, 929 N.E.2d 231, 239 (Ind. Ct. App. 2010) (emphasis added).

[6] In his complaint, Ivy alleges that Butts falsely imprisoned him. "The tort of false imprisonment amounts to an '*unlawful* restraint upon one's freedom of movement or the deprivation of one's liberty without consent.'" *Ali v. Alliance Home Health Care, LLC*, 53 N.E.3d 420, 432 (Ind. Ct. App. 2016) (quoting *Miller v. City of Anderson*, 777 N.E.2d 1100, 1104-05 (Ind. Ct. App. 2002), *trans. denied*) (emphasis added). Here, in support of his summary judgment motion, Ivy designated as evidence his amended complaint, Butts' answer to his amended complaint, and Ivy's affidavit.

[7] Thus, other than the allegations contained in the designated pleadings, which are not evidence, the only designated evidence Ivy submitted to the trial court

in support of his summary judgment motion was his affidavit. In his affidavit, Ivy stated in relevant part as follows:

> 5. The 2 felony murder charges [filed in 1978] were not brought against me in the manner prescribed by law in effect at that time.
>
> 6. As a result, the subject matter jurisdiction of the Jennings Circuit Court was never actually invoked over the 2 felony murder charges in the case, and thus, the said court was powerless to act with respect to those charges.
>
> * * *
>
> 9. Because the said court lacked subject matter jurisdiction over the 2 felony murder charges in the case, its pretended judgment concerning those crimes was and is null and void.
>
> 10. Also on August 18, 1978, the said court issued a pretended order committing me to the IDOC for a term of 100 years.
>
> 11. The said commitment order was and is also void on its face for lack of subject matter jurisdiction.
>
> * * *
>
> 13. I was held in the custody of Keith Butts against my will and without any actual legal process.
>
> 14. Keith Butts held me in his custody in performance of a contract made between the IDOC and the GEO Group, Inc.

Appellant's App. Vol. 2 at 24-25.

[8]     To make a prima facie case that he was falsely imprisoned, Ivy had to designate evidence showing that his incarceration was unlawful. *Ali*, 53 N.E.3d at 432.

Again, Ivy alleged that his incarceration was unlawful because the judgment and sentence on his murder convictions were "void" for the trial court's lack of subject matter jurisdiction. However, Ivy did not designate any admissible evidence in support of that allegation. In his affidavit, he merely stated a conclusion of law, which was improper. Again, mere assertions in an affidavit or conclusions of law or opinions will not suffice to create a genuine issue of material fact. *Duffitt*, 929 N.E.2d at 239. We hold that Ivy did not sustain his burden on summary judgment, and the trial court did not err when it denied his summary judgment motion.

[9] In support of his summary judgment motion, Butts designated evidence showing that Ivy's incarceration was, at all relevant times, lawful. In particular, in his affidavit, Butts stated as follows:

> 7. In my capacity as the Warden of the [New Castle Correctional Facility ("NCCF")], I had no authority to release an offender incarcerated therein, such as [Ivy], as those offenders were under the custody and control of the IDOC and GEO, my employer, was the contractor of the IDOC who managed the NCCF where the Plaintiff was incarcerated.
>
> 8. [Ivy] herein was convicted of certain crimes in Jennings County, Indiana, in Cause Number 78-CR-36, *described on the Offender Data sheet of the IDOC submitted herewith*, that led to his incarceration by the IDOC subject to an earliest possible release date of December 2, 2028.
>
> 9. Absent an Order of a Court or a directive of the IDOC to transfer or release an offender from the custody of the IDOC with placement at the NCCF, I had no authority, ability,

or other discretion to release such an offender from custody at said facility.

Appellant's App. Vol. 2 at 29 (emphasis added). Thus, Butts made a prima facie case that he was entitled to summary judgment on Ivy's complaint. On appeal, again, Ivy does not direct us to any designated evidence to satisfy his burden as the non-movant to show a genuine issue of material fact on the lawfulness of his incarceration. We hold that the trial court did not err when it entered summary judgment in favor of Butts on Ivy's complaint.

[10] Affirmed.

Vaidik, J., and Tavitas, J., concur.