

**FILED**

Dec 29 2016, 9:33 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Peter D. Todd
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Angela R. Neal,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | December 29, 2016<br><br>Court of Appeals Case No.<br>20A04-1606-CR-1326<br><br>Appeal from the Elkhart Superior<br>Court<br><br>The Honorable Teresa L. Cataldo,<br>Judge<br><br>Trial Court Cause No.<br>20D03-1501-FA-2 |

**Najam, Judge.**

## Statement of the Case

[1]     Indiana Code Section 35-38-1-7.8(c) (2016) provides that, "[u]pon determining that a defendant is a credit restricted felon, a court shall advise the defendant of

the consequences of this determination." In this appeal, Angela R. Neal[1] presents a question of first impression: whether the trial court's advisement of the consequences of Neal's status as a credit-restricted felon complied with Section 7.8(c). We conclude that the trial court's advisement substantially complied with Section 7.8(c) and that there is no particular language that a trial court must use in order to comply with the statute. Accordingly, we affirm.

## Facts and Procedural History

[2] On April 19, 2016, a jury found Neal guilty of two counts of child molesting, each as a Class A felony. At her ensuing sentencing hearing, Neal's counsel conceded that Neal was a credit-restricted felon based on the age of her victims. The court accepted her concession and then advised her as follows:

> As to Count II, Child Molest, as a Class A felony, the court hereby sentences the defendant to 30 years at the Indiana Department of Correction[.] As to Count III, on Child Molest, as a Class A felony, the court hereby sentences the defendant to 30 years at the Indiana Department of Correction[.] Count II and Count III will run consecutive to each other. *The court also finds that she is a credit-restricted felon and should be treated as such for good-time credit, through the Indiana Department of Correction[.]*
>
> * * *
>
> The court advises the defendant that the defendant is not sentenced for less than the earliest possible release date and not

---

[1] Neal's brief and appendix on appeal incorrectly identify her middle initial.

> more than the maximum possible release date. *The court now grants the defendant 444 days credit for time served prior to sentencing, and the court finds no reason why she should not receive earned credit time at the credit-restricted felon status.*

Tr. at 226-27 (emphases added). The court then sentenced Neal to an aggregate term of sixty years. This appeal ensued.

## Discussion and Decision

[3]     Neal appeals the trial court's advisement with respect to the consequences of her status as a credit-restricted felon. According to Indiana Code Section 35-38-1-7.8(c), "[u]pon determining that a defendant is a credit restricted felon, a court shall advise the defendant of the consequences of this determination." Neal initially suggests that we should review the trial court's compliance with Section 7.8(c) "for an abuse of discretion," but she then states that compliance with Section 7.8(c) "is not discretionary." Appellant's Br. at 4-5. We agree that compliance with Section 7.8(c) is not discretionary. Rather, upon determining that a defendant is a credit-restricted felon, the trial court "shall advise" the defendant accordingly. Neal's argument on appeal is that the trial court's advisement was not sufficient as a matter of law to satisfy the requirement of Section 7.8(c). We review such questions de novo. *E.g.*, *Gray v. State*, 903 N.E.2d 940, 946 (Ind. 2009); *Kladis v. Nick's Patio, Inc.*, 735 N.E.2d 1216, 1219 (Ind. Ct. App. 2000).

[4]     A defendant's status as a credit-restricted felon is relevant to the defendant's initial assignment to a credit-time class, which, in turn, affects the defendant's

accrual of credit time toward her sentence. *See* I.C. § 35-50-6-3.[2] Specifically, as relevant here, Indiana Code Section 35-50-6-3 states that a defendant assigned to the following credit-time classes earns credit time as follows:

> (b) A person assigned to Class I earns one (1) day of good time credit for each day the person is imprisoned for a crime or confined awaiting trial or sentencing.

> (c) A person assigned to Class II earns one (1) day of good time credit for every two (2) days the person is imprisoned for a crime or confined awaiting trial or sentencing.

> (d) A person assigned to Class III earns no good time credit.

> (e) A person assigned to Class IV earns one (1) day of good time credit for every six (6) days the person is imprisoned for a crime or confined awaiting trial or sentencing.

And the initial assignment of a defendant to a particular credit-time class depends on the defendant's status as a credit-restricted felon:

> (a) A person who is not a credit restricted felon and who is imprisoned for a crime or imprisoned awaiting trial or sentencing is initially assigned to Class I.

---

[2] We note that Indiana Code Section 35-50-6-3 bears the heading "Credit time classes for a person *convicted* before July 1, 2014," while subsection (a) of that statute states that it only "applies to a person *who commits an offense* before July 1, 2014." (Emphases added.) We follow the plain language of the statute and do not consider its heading. *See, e.g.*, *Kelly v. Ladywood Apartments*, 622 N.E.2d 1044, 1047 (Ind. Ct. App. 1993), *trans. denied*.

> (b) A person who is a credit restricted felon and who is imprisoned for a crime or imprisoned awaiting trial or sentencing is initially assigned to Class IV. A credit restricted felon may not be assigned to Class I or Class II.

I.C. § 35-50-6-4 (2014). In other words, upon determining that a defendant is a credit-restricted felon, the court assigns the defendant to a particular credit-time class, which, as a consequence, affects the rate at which the defendant earns credit time toward her sentence.

[5] Thus, in requiring the sentencing court to "advise the defendant of the consequences" of her status as a credit-restricted felon, Section 7.8(c) requires the sentencing court to advise the defendant that there is a relationship between her status and the accrual of her credit time. There is no particular language that the court must use to satisfy Section 7.8(c). As long as the sentencing court's advisement makes clear to the defendant that it is her status as a credit-restricted felon that determines the calculation of her credit time, the court has satisfied the command of Section 7.8(c).

[6] The trial court did that here. Again, the court expressly advised Neal that "she is a credit-restricted felon and should be treated as such for good-time credit." Tr. at 226. The court further advised her that it would award her "444 days credit for time served prior to sentencing" and that "the court finds no reason why she should not receive earned credit time at the credit-restricted felon status." *Id.* at 227. The court's statements to Neal made it clear that her status as a credit-restricted felon would impact her ability to earn credit time, and, as

such, the court substantially complied with the requirement of Section 7.8(c). Accordingly, we affirm.

[7] Affirmed.

Bailey, J., and May, J., concur.