



FILED

Apr 25 2025, 8:43 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

Steven Stanley,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*

---

April 25, 2025

Court of Appeals Case No.
24A-CR-1176

Appeal from the Hendricks Superior Court

The Honorable Mark A. Smith, Judge

Trial Court Cause No.
32D04-2206-F1-5

---

**Opinion by Judge Kenworthy**
Judges Mathias and Brown concur.

**Kenworthy, Judge.**

## Case Summary

[1] After a jury convicted Steven Stanley of Level 1 felony child molesting,[1] among other charges, the trial court found he was a credit restricted felon and imposed the maximum sentence of fifty years based on that classification. Stanley appeals, raising two issues: (1) Did the trial court violate his Sixth Amendment rights by sentencing him as a credit restricted felon?; and (2) Did the trial court fail to adequately advise Stanley of the consequences of his credit restricted status? We affirm.

## Facts and Procedural History

[2] Stanley was born March 19, 1990. He and Rebecca Manual are the biological parents of A.H., born in 2013, and two younger children. In October 2021, the Indiana Department of Child Services ("DCS") became involved with the family, which had been living in a room in a Budget Inn in Plainfield since late 2019 or early 2020. During the DCS investigation, A.H. disclosed Stanley had sexually abused her. DCS referred then eight-year-old A.H. to Susie's Place, a child advocacy center, where a staff member conducted child forensic interviews of A.H. on January 27 and February 2, 2022. During the recorded interviews, A.H. described incidents at the hotel in which Stanley penetrated her vagina with his finger, required A.H. to perform oral sex on him, and

---

[1] Ind. Code § 35-42-4-3(a)(1) (2015).

placed A.H. on top of him and "made [her] rub [their] privates together." *Exhibit Vol. 5* at 59. She also stated Stanley showed her videos on his phone of "Dad's private going into Mom's," among other sexually explicit images. *Id*. at 61. Police obtained a search warrant for Stanley's phone, which contained videos of Stanley and Manual engaged in sexual acts similar to those A.H. described.

[3] The State charged Stanley with two counts of Level 1 felony child molesting based on sexual intercourse or other sexual conduct ("Count 1" and "Count 2"), Level 4 felony child molesting based on fondling or touching ("Count 3"),[2] Level 4 felony incest ("Count 4"),[3] and Level 6 felony dissemination of matter harmful to minors ("Count 5").[4] Under Count 1, the State alleged: "Between April 1, 2020 and August 31, 2021, . . . Stanley, a person of at least twenty-one (21) years of age, did knowingly or intentionally perform or submit to sexual intercourse or other sexual conduct . . . with [A.H.], a child under the age of fourteen (14), that is, 6 to 8 years old." *Appellant's App. Vol. 2* at 27. Counts 2, 3, and 4 also alleged conduct with a victim under age fourteen, specifically, "6 to 8" years of age. *Id*. at 28–30. After Stanley's arrest and detention, the State added a charge of Level 5 felony conspiracy to commit obstruction of justice

---

[2] I.C. § 35-42-4-3(b).

[3] I.C. § 35-46-1-3 (2014).

[4] I.C. § 35-49-3-3(a)(1) (2014).

("Count 6"),[5] based on statements Stanley made to Manual during recorded jail phone calls.

[4] The trial court held a jury trial on March 19 and 20, 2024. In giving the preliminary instructions, the trial court read the charges in their entirety and both orally and in writing instructed the jury that to convict Stanley of Count 1, the State must have proved Stanley knowingly or intentionally performed sexual intercourse or other sexual conduct with A.H. "when [A.H.] was a child under fourteen (14) years of age, that is 6 to 8 years of age" and Stanley was at least twenty-one years old. *Appellant's App. Vol. 3* at 12; *Tr. Vol. 3* at 81. When instructing the jury on the elements of Counts 2 and 3, the trial court also included the allegation A.H. was between six and eight years old. *See Appellant's App. Vol. 3* at 13–14; *Tr. Vol. 3* at 82–83.

[5] At the time of trial, A.H. was ten years old. A.H. did not testify, but the State introduced portions of the videotaped child forensic interviews of A.H. conducted when she was eight years old.[6] Stanley testified A.H. was his daughter and she was born in 2013. *See Tr. Vol. 3* at 248, 250. Stanley also introduced an order establishing his paternity of A.H. *Ex. Vol. 5* at 180.

---

[5] I.C. §§ 35-44.1-2-2(a)(1)(A) & (b)(3) (2022) (obstruction of justice); I.C. § 35-41-5-2 (2014) (conspiracy).

[6] Prior to trial, the trial court held a hearing on the State's notice of intent to offer a protected person statement under the protected person statute. *See* I.C. § 35-37-4-6. The trial court determined A.H. was a protected person unavailable to testify at trial and certain portions of the forensic interviews of A.H. conducted in early 2022 would be admissible in lieu of live testimony. *See Appellant's App. Vol. 2* at 103–06.

[6]     When giving final instructions, the trial court again read the complete charges. As to Counts 1, 2, and 3, the written final instructions again provided the State was required to prove A.H. "was a child under fourteen (14) years of age, that is 6 to 8" years of age. *Appellant's App. Vol. 3* at 29–31. But when the trial court read the final instructions aloud in open court, the trial court omitted the reference to six to eight years old, stating only that the jury needed to find beyond a reasonable doubt A.H. was under fourteen years of age. *See Tr. Vol. 4* at 57–58. In closing arguments, the State argued "from the charging date range, April 1 of 2020 through August 31, 2021 that would have placed [Stanley] at thirty to thirty-one years of age and for [A.H.] based on her birthday she would have been six to eight years of age." *Id.* at 66. The jury found Stanley guilty of all charges.

[7]     During a sentencing hearing held April 22, 2024, the State argued Stanley was a credit restricted felon based on the fact Stanley committed child molesting involving sexual intercourse or other sexual conduct when he was over twenty-one years old and A.H. was under twelve years old at the time of the crimes. *See* I.C. § 35-31.5-2-72(1) (2014). The trial court pondered whether it could make that determination, stating, "I don't think he meets the definition of credit restricted felon because there's been no . . . separate evidentiary finding at trial or for purposes of this sentencing hearing that he should be determined to be a credit restricted felon." *Tr. Vol. 4* at 115. The State agreed the jury made no separate determination; but after consulting the credit restricted felon statutes, the prosecutor argued the trial court could find Stanley was a credit restricted

felon based on the evidence admitted at trial and there was sufficient evidence to establish A.H. was less than twelve years old. *Id*. at 117. Defense counsel made no responsive argument.

[8] The trial court found Stanley was a credit restricted felon and a sexually violent predator.[7] The trial court sentenced Stanley to fifty years on Count 1; thirty years on Count 2, to be served consecutively to Count 1; six years on Count 3, six years on Count 4, and two years on Count 5, all served concurrently with Count 2; and three years on Count 6, to be served consecutively to all other sentences; for an aggregate sentence of eighty-three years executed in the Indiana Department of Correction.

## The trial court did not violate Stanley's Sixth Amendment rights by sentencing him as a credit restricted felon.

[9] "At the time of sentencing, a court shall determine whether a person is a credit restricted felon." I.C. § 35-38-1-7.8(a) (2012). The court's determination must be based on: (1) evidence admitted at trial that is relevant to the credit restricted status; (2) evidence introduced at the sentencing hearing; or (3) a factual basis provided as part of a guilty plea." I.C. § 35-38-1-7.8(b). "As the statute makes plain, it is the trial court, and not the jury, that determines whether a defendant is a credit restricted felon." *Pierce v. State*, 29 N.E.3d 1258, 1270–71 (Ind. 2015).

---

[7] I.C. § 35-38-1-7.5(b)(1)(c).

[10]     A defendant's status as a credit-restricted felon is relevant to his initial assignment to a credit-time class, which, in turn, affects the accrual of credit time toward his sentence. *Neal v. State*, 65 N.E.3d 1139, 1141 (Ind. Ct. App. 2016); I.C. § 35-50-6-3.1 (2023); I.C. § 35-50-6-4 (2023). Credit time is a "bonus created by statute" and the deprivation of a defendant's credit time "does nothing more than take that bonus away." *Holmgren v. State*, 196 N.E.3d 281, 286 (Ind. Ct. App. 2022) (quoting *State v. Mullins*, 647 N.E.2d 676, 678 (Ind. Ct. App. 1995)), *trans. denied*. In this way, a defendant's classification as a credit restricted felon and resulting impact on his credit time does not change his sentence. *Id*.

[11]     But for certain offenses, the classification as a credit restricted felon also exposes a defendant to increased criminal penalties. A Level 1 felony normally carries a sentencing range of twenty to forty years with an advisory sentence of thirty years. I.C. § 35-50-2-4(b) (2014). But when Stanley committed his offenses, a person who committed a Level 1 felony child molesting offense under certain circumstances described in Indiana Code Section 35-31.5-2-72— defining "credit restricted felon"—faced a fixed term of twenty to *fifty* years, also with an advisory sentence of thirty years. I.C. § 35-50-2-4(c).[8] In pertinent part, a person qualifies as a "credit restricted felon" if he commits child

---

[8] This statute was amended effective July 1, 2023. We use the version of the statute in effect at the time Stanley committed his offenses. *See Wallace v. State*, 753 N.E.2d 568, 569 (Ind. 2001) ("[T]he statute to be applied when arriving at a proper criminal penalty is that which was in effect at the time the crime was committed.").

molesting involving sexual intercourse or other sexual conduct and he is at least twenty-one years of age and the victim is less than twelve years of age. I.C. § 35-31.5-2-72(1).

[12] Stanley draws our attention to the inconsistency between the victim's age requirements in the Level 1 felony child molesting offense and sentencing statutes. To convict Stanley of Level 1 child molesting as charged, the jury was required to find A.H. was a child under *fourteen* years old. I.C. § 35-42-4-3(a)(1). But the trial court sentenced Stanley as a credit restricted felon, which requires evidence the victim was less than *twelve* years old. I.C. § 35-50-2-4(c); I.C. § 35-31.5-2-72(1). Because a trial court determines whether a person is a credit restricted felon, Stanley argues his Sixth Amendment right to jury trial[9] was violated when he was sentenced "based upon a fact not found by the jury— that the victim was under the age of twelve (12) years old." *Appellant's Br.* at 9.

[13] Not long ago, a panel of this Court considered a similar argument in *Holmgren*, 196 N.E.3d 281. There, a jury convicted Holmgren of Level 1 felony child molesting, among other offenses, based on repeated incidents of molestation over several years. *Id.* at 283. The trial court both classified and sentenced her

---

[9] The Sixth Amendment to the United States Constitution provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

as a credit restricted felon under Indiana Code Section 35-50-2-4(c). *Id*. On appeal, Holmgren, too, argued her Sixth Amendment right to a jury trial was violated by this sentencing scheme, citing the U.S. Supreme Court's opinion in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Holmgren*, 196 N.E.3d at 288. In *Apprendi*, the Supreme Court was presented with whether a hate crime statute that increased criminal penalties for a defendant based on a trial court's finding alone violated the due process clause of the Fourteenth Amendment. 530 U.S. at 468–69. The *Apprendi* Court concluded: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490 (citing also the Sixth Amendment notice and jury trial guarantees).

[14] In *Holmgren*, the State alleged in the charging information the victim's age was under fourteen, not twelve, and presented evidence at trial of incidents of sexual intercourse occurring both before and after the victim turned twelve. *Holmgren*, 196 N.E.3d at 288. Because the State presented evidence to support the trial court's finding Holmgren molested a victim younger than twelve years old, the panel determined the trial court did not err in *classifying* Holmgren as a credit restricted felon. *Id*. at 286. But because there was no way to determine—based on the way the crimes were charged and the jury was instructed—whether the jury unanimously convicted Holmgren of acts that occurred before the victim turned twelve, the panel concluded the trial court violated her Sixth

Amendment rights as described in *Apprendi* by *sentencing* her as a credit restricted felon under Indiana Code Section 35-50-2-4(c). *Id*. at 288.

[15]    The facts of *Holmgren* are distinguishable from this case in constitutionally significant ways. Here, the State broadly alleged in the charging information A.H. was under fourteen, but specifically between six and eight years old, when Stanley molested her. The trial court instructed the jury in the preliminary and final instructions that to convict Stanley, it was required to find he committed the acts when A.H. was under fourteen, but specifically six to eight years old.[10] The jury convicted A.H. based on recorded statements made in her forensic interviews, which were conducted when she was eight years old. And Stanley himself introduced evidence of A.H.'s birthdate, which established A.H. was between six and eight years old during the timeframe alleged in the charging information. Even by the time of trial, A.H. was only ten years old.

[16]    Based on dates alleged in the charging information, the fact of A.H.'s birthdate, and the trial court's instructions to the jury, the jury here necessarily found A.H. was under twelve years old at the time Stanley molested her. Unlike the situation presented in *Holmgren*, there is no question the jury found beyond a reasonable doubt the fact that increased Stanley's punishment beyond the

---

[10] As the State observes, it is "of no moment" the trial court omitted the reference to A.H.'s age when orally giving the final instructions. *Appellee's Br.* at 14. The trial court instructed the jury: "You are to consider all these instructions, both preliminary and final together. Do not single out any certain sentence or individual point or instruction and ignore the others." *Tr. Vol. 4* at 55. "When the jury is properly instructed, we will presume they followed such instructions." *Weisheit v. State*, 26 N.E.3d 3, 20 (Ind. 2015) (citation omitted).

typical statutory maximum for a Level 1 felony. Accordingly, the trial court did not violate Stanley's Sixth Amendment rights described in *Apprendi* by sentencing him as a credit restricted felon under Section 35-50-2-4(c).

## The trial court did not fail to adequately advise Stanley of the consequences of being classified as a credit restricted felon.

[17]   Stanley next argues the trial court failed to advise him of the consequences of being a credit restricted felon. As noted above, at the time of sentencing, a trial court shall determine whether a person is a credit restricted felon based on evidence presented at trial or the sentencing hearing or on the factual basis of a guilty plea. I.C. § 35-38-1-7.8(a)-(b). The statute also provides: "Upon determining that a defendant is a credit restricted felon, a court shall advise the defendant of the consequences of this determination." I.C. § 35-38-1-7.8(c). "[C]ompliance with Section 7.8(c) is not discretionary." *Neal*, 65 N.E.3d at 1141.

> [I]n requiring the sentencing court to "advise the defendant of the consequences" of [his] status as a credit-restricted felon, Section 7.8(c) requires the sentencing court to advise the defendant that there is a relationship between [his] status and the accrual of [his] credit time. There is no particular language that the court must use to satisfy Section 7.8(c). As long as the sentencing court's advisement makes clear to the defendant that it is [his] status as a credit-restricted felon that determines the calculation of [his] credit time, the court has satisfied the command of Section 7.8(c).

*Id*. at 1142. We review *de novo* whether a trial court's advisement was insufficient to satisfy the requirement of Section 7.8(c). *Id*. at 1141.

At the sentencing hearing, the parties discussed the calculation of Stanley's credit time, including how his sentence in another case impacted the calculation. *See Tr. Vol. 4* at 114–15. During that conversation, the State interjected, "just for purposes of the record he is a credit restricted felon[.]" *Id.* 115. At that point, the parties discussed the applicability of the credit restricted felon statute. After discussing potential double jeopardy concerns, the State renewed its credit restricted felon argument, citing the applicable statutory provisions. Stanley's counsel made no argument about the credit restricted status, stating, "Your Honor we would just ask . . . he be placed on to a graduated and proportionate sentence and that's our only argument." *Id.* at 117. In pronouncing Stanley's sentence, the trial court found "based upon what he was convicted of and the evidence that he is a credit restricted felon[.]" *Id.* at 119. In imposing the fifty-year sentence on Count 1, the trial court advised Stanley, "None of that time is suspended. All that time is executed. Mr. Stanley's entitled to credit for 283 days plus 47 days as a credit restricted felon." *Id.* at 120.

The trial court's statement reflects that Stanley's credit restricted felon status impacted the calculation of his credit time. And based on the complete transcript of the sentencing hearing, we conclude the trial court substantially complied with the requirement of Section 7.8(c) to advise Stanley of the consequences of the classification. *See Neal*, 65 N.E.3d at 1142 (holding the trial court's calculation of credit time and advisement the defendant was a credit restricted felon "and should be treated as such for good-time credit" was

substantial compliance with the statute); *c.f. Shar v. State*, No. 23A-CR-1596, at *9 (Ind. Ct. App. July 31, 2024) (mem.) (finding the trial court's sole statement, "Those are both credit restricted" was inadequate to meet the advisory requirement of Section 7.8(c) but finding the error harmless).

## Conclusion

[20] The trial court did not violate Stanley's Sixth Amendment rights by sentencing him as a credit restricted felon, and the trial court adequately advised him the credit restricted status impacted the calculation of his good time credit.

[21] Affirmed.

Mathias, J., and Brown, J., concur.

ATTORNEY FOR APPELLANT

Lisa Diane Manning
Plainfield, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General

Daylon L. Welliver
Deputy Attorney General
Indianapolis, Indiana